# Nagle *versus* Nagle.

3 G    155
19 SC  598

"After verdict judgment shall not be stayed or reversed for that there is no right venue, so as the cause were tried by a jury of the proper county or place *where the action is laid.*"

[Nagle *v.* Nagle.]

ERROR to the Court of Common Pleas of *Schuylkill County.*
Divorce.

Opinion of the court delivered April 5, 1855, by

LEWIS, C. J.—By the 16th and 17th Charles II. ch. 8, which
is in force in Pennsylvania, it is provided that, "after verdict
judgment shall not be stayed or reversed for that there is no
right venue, so as the cause were tried by a jury of the proper
county or place *where the action is laid.*" The statute of 4th
Ann, ch. 16, s. 2, extends this provision to judgments by *confession, nil dicit, non et sum informatus.* These statutes have been
construed to extend to cases where the cause has been improperly tried in a wrong court, and whether the objection appears
on the record or not. Hence it follows (says Mr. Chitty in his
excellent work on pleading, page 284), "that even in local and
penal actions in the superior courts the only modes of objecting
to the venue are by demurrer, or at the trial as ground of non
suit, except in the action of ejectment, in which alone a difficulty would arise, with respect to the execution, because the
sheriff of one county cannot deliver the possession of land in
another." 7 T. R. 583, 587; 2 East, 580; 1 Saund. 447; 1 Ch.
Pl. 284.

What is this but a trial of a local suit in the wrong county?
Conceding for the argument, but without deciding the point,
that the wife ought to have filed her libel for divorce in the
county where her husband resides, the right of the husband to
a trial in that county was a personal convenience which he
might waive. The objection touches his privileges rather than
the jurisdiction of the court, for the latter extends over the
subject matter of divorces. In this case the service of the
subpœna was accepted by the husband without objection, and
an answer was filed denying the allegations of the libel, and
praying that it may be dismissed with costs for that reason.
A replication to his answer was also accepted and issue joined
upon it by the husband. In this condition the cause was continued for more than two years. When the court was about
to proceed to the trial, the answer was withdrawn, and a plea
to the jurisdiction was filed. The plea is not on the paper
book, and it is alleged that it has been lost. We have therefore
no means of knowing what facts were set forth in it. If it
contained nothing but an allegation that the parties resided in
Berks County at the time of the injury, and that the libellant
has ever since resided in Schuylkill County, it was properly
overruled. After delaying her for so long a period of time,
and putting her to the trouble of preparing her cause for trial
in Schuylkill County, it would have been grossly unjust to turn
her out of court on such an objection.

There is no error in the decree, and it is therefore affirmed.

Decree affirmed with costs.