## Kilborn *versus* Field *et ux.*

1. A decree *pro confesso* cannot be made upon a libel in divorce. If either party does not attend, the court must decide on testimony taken *ex parte*.

2. A contract between husband and wife pending proceedings in divorce to pay her a sum of money, the consideration of which was, in whole or in part, that she would not oppose the divorce, is void.

March 26th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Clinton county*: No. 161, to July Term 1874.

This was an action of debt, brought April 2d 1874, by Furman Field and Margaret his wife, late Kilborn, in her right, against James R. Kilborn.

The cause of action was the following note:—

"$400.    On the 1st day of January, A. D. 1872, I promise to pay to Margaret A Kilborn four hundred dollars, without defalcation, for value received, with interest from date.    Witness my hand and seal at Williamsport, this 4th day of August 1870.

JAMES R. KILBORN. [L. S.]"

Mrs. Field had been the wife of the defendant, and upon his libel they had been divorced from the bonds of matrimony.   The defence set up to the note was, that whilst the proceedings were pending an agreement was entered into between her and the defendant, that if she would not resist the application for the divorce, he would give her $1200, in three notes of $400 each, to be held by a third person, and delivered to her when the divorce should be decreed.   She made no opposition to the libel, and the divorce was decreed; the notes were then delivered to her; the note in suit is one of them.

On the trial, before Orvis, J., there was evidence of the foregoing allegations, and also that other matters were the consideration of the note.

The court directed the jury to find a verdict for the plaintiffs, reserving the question whether the plaintiffs had the right to recover under the evidence.

The jury found a verdict for the plaintiffs for $459.14, and the court entered judgment for the plaintiffs on the verdict on the reserved point.

The defendant sued out a writ of error, and assigned for error, that the court directed the jury to find for the plaintiffs and entered judgment on the verdict.

*C. J. McCormick*, for plaintiff in error.—Courts will not enforce a contract for the performance of an act immoral, contrary to public policy, &c.: Addison on Contracts 9, 91, 102, 104, 706.

[Kilborn v. Field.]

Agreements for divorce are for an immoral act, and are contrary to public policy: Pettit v. Fretz, 9 Casey 123. It is also contrary to the Act of Assembly, and cannot therefore be enforced: Fowler v. Scully, 22 P. F. Smith 466; Bank of United States v. Owen, 2 Peters 538; Seidenbender v. Charles, 4 S. & R. 151; Coppell v. Hall, 7 Wallace 558; Swan v. Scott, 11 S. & R. 164; Brua's Appeal, 5 P. F. Smith 294.

*S. D. Ball*, for defendants in error.—The libel in divorce estopped the defendant from denying that the divorce must be decreed: Addison on Contracts 840; 2 Story's Eq. Jur., sect. 1533, 1546; Commonwealth v. Moltz, 10 Barr 527, and therefore the parties might agree that there should be no opposition. This was in the nature of a settlement on separation; such settlements and those in bastardy cases are constantly recognised: Wyant v. Lesher, 11 Harris 338.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 10th 1875.

Marriage is a civil contract, but it is more, it is an institution of the state. Parties cannot rescind or dissolve it, as they may all other contracts, at their own mere will. The state has provided for what causes alone it can be dissolved, and the question is, in all cases, submitted upon evidence adduced, to an appropriate tribunal. There can be no decree *pro confesso* upon a libel for divorce. If either party will not attend, the court shall inquire and decide ex parte by the examination of witnesses or interrogations, exhibits, or other legal proofs, had either before or at the hearing: Act of March 13th 1815, sect. 2; 6 Sm. Laws 287. The libel must be supported by an affidavit of the libellant, that " the complaint is not made out of levity or collusion between the husband and wife, and for the mere purpose of being freed and separated from each other, but in sincerity and truth for the causes mentioned in the petition or libel :" Ibid. Without such an affidavit the libel is fatally defective, and the decree for divorce under it will be reversed: Hoffman v. Hoffman, 6 Casey 419. Causes for divorce " being recognised by law," we are to take it that the true philosophy of life, the ends of justice, and the interests of society, are best promoted by allowing the dissolution for such recognised causes. Courts, however, ought to be careful to see that all the requirements of the law, in such proceedings, be complied with, both as to form and substance, so that divorces may never be obtained through " levity or collusion :" per Thompson, J., Ibid. Such then being the clear policy of the law, every contract founded upon a consideration in contravention of it must, according to well settled principles, be illegal and void. The libellant can no more buy the release or default of the respondent, than

[Kilborn *v.* Field.]

a defendant in a criminal prosecution can buy off the prosecutor and compound a felony. If the consideration of the note sued upon was in part or in whole that the respondent should not appear and oppose the divorce, the note was void. Whether such was the consideration was a question of fact which ought to have been submitted to the jury.

Judgment reversed, and a *venire facias de novo* awarded.