## Sherwood's Appeal.

The court of common pleas of the county where libellant resides alone has jurisdiction of a libel for divorce.

(Decided February 23, 1886.)

Appeal from a decree of the Common Pleas of Somerset County dismissing a libel for divorce. Affirmed.

This libel was filed by Annie D. Sherwood, acting by her next friend Jane P. Pratt, against Benjamin Sherwood.

The libel sets forth that the libellant and respondent were married on April 8, 1877; that the respondent deserted libellant and has persisted in such desertion for upwards of two years, and during said time has not in any manner contributed to said libellant's support; and that prior to the desertion he offered

Cited in Austin v. Austin, 4 Pa. Co. Ct. 368; Ames v. Ames, 21 Pa. Co. Ct. 257, 258, 4 Lack. Legal News, 199; Gambe v. Gambe, 22 Pa. Co. Ct. 23, 25, 16 Lanc. L. Rev. 79.

NOTE.—A libellant may maintain proceedings for divorce in the county to which she has removed and taken up her permanent residence, after withdrawing from the residence of her husband, which was in a different county. Smith v. Smith, 11 Pa. Co. Ct. 465, 1 Pa. Dist. R. 550. A plea to the jurisdiction will not avail where the respondent has appeared and answered without objection, and the case has been proceeded with to a rule for a final decree. Newbold's Appeal, 2 W. N. C. 472, 8 Legal Gazette, 114. Nor where the suit had been at issue for two years, and was coming up for trial. Nagle v. Nagle, 3 Grant Cas. 155.

such indignities to the person of the libellant as to render her condition intolerable and her life burdensome; and at times of sickness he utterly neglected her, and when under the influence of liquor, threatened to kill her, etc.; that libellant is a citizen of the commonwealth of Pennsylvania, and has resided therein for more than one year previous to the filing of said libel; and prays for a decree of divorce.

The facts are verified by affidavit, "and that the said complaint is not made out of levity or collusion between" the parties, is also sworn to.

A commissioner was appointed by the court to take testimony, and he reported that the libellant was entitled to a decree of divorce *a vinculo matrimonii*. The court, however, decided that it had no jurisdiction and dismissed the libel. The libellant then appealed.

*Coffroth & Ruppel* for appellant.

PER CURIAM:

Under the facts found the proceedings were properly dismissed for want of jurisdiction. The libellant did not reside in the county of Somerset, but for a long time had been, and still is, a resident of the city of Philadelphia. She, therefore, did not "exhibit her petition or libel to the judges of the court of common pleas of the proper county where she resides." If she had no residence in this state a different question would be presented, but that is not this case. As she had an undoubted residence in the county of Philadelphia, the judges of the common pleas of that county alone have jurisdiction.

Decree affirmed and appeal dismissed, at the costs of the appellant.