## Shepard, Appellant, *v.* Shepard.

*Divorce—Subpœna—Libel—Husband and wife—Collusion.*

A subpœna in divorce should be granted, where the libellant avers in her libel that she " now is and for one whole year last past has been a citizen and resident of the state of Pennsylvania," and that on a certain date, while the parties were domiciled in the state of New York, respondent wilfully and maliciosuly deserted the libellant, and persisted in such desertion for the term of two years last past, and " that she expects to be able to have the subpœna issued in this case served upon the respondent within the commonwealth of Pennsylvania and the jurisdiction of this honorable court, and this without collusion."

Argued Nov. 2, 1901. Appeal, No. 214, Oct. T., 1901, by plaintiff, from decree of C. P. McKean Co., refusing subpœna in divorce in suit of Florence K. Shepard v. Fred H. Shepard. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Libel in divorce.

From the record it appeared that MORRISON, J., refused to award a subpœna for the reasons stated in the opinion of the Superior Court.

*Error assigned* was decree declining subpœna.

*W. E. Burdick*, for appellant.—A valid divorce can be granted, binding upon the parties, though the cause of divorce arose in another state, and the residence of the respondent was in such other state, provided personal service was had of the subpœna upon the defendant within the jurisdiction

of the court: Harding v. Alden, 9 Me. 140 ; Ditson v. Ditson, 4 R. I. 87 ; Pennoyer v. Neff, 95 U. S. 714; Cheely v. Clayton, 110 U. S. 701; Atherton v. Atherton, 21 Supreme Court Rep. 547.

No paper-book filed or appearance entered for appellee.

OPINION BY BEAVER J., December 2, 1901 :

The court below refused to award a subpœna in divorce for the following reasons : 1. The marriage was in the state of New York.  2. The cause of divorce accrued in that state. 3. The respondent never had a domicile or resided in or was in the state of Pennsylvania, so far as the libel avers.  4. Upon the face of this libel a want of jurisdiction appears affirmatively. 5. To award a subpoena on this libel is simply offering an inducement for fraud and collusion in attempting to give this court jurisdiction of a cause of divorce and a respondent that belong in New York state.

The libellant avers that (1) she "now is and for one whole year last past has been a citizen and resident of the state of Pennsylvania," and (2) that on or about December 28, 1898, the said respondent, in violation of his marriage vow, the parties being domiciled near the village of Wellsville, county of Allegheny and state of New York, wilfully and maliciously deserted the libellant, without any just or reasonable cause, and such desertion has persisted in for the term of two years last past and upwards," etc.   These averments bring her within the provisions of the Act of April 26, 1850, P. L. 590, and gave the court below jurisdiction of the cause of divorce (Bishop v. Bishop, 30 Pa. 412), at least for the purpose of granting a subpœna.   Was the gratuitous averment of the libellant, "that she expects to be able to have the subpœna issued in this case served upon the respondent within the commonwealth of Pennsylvania and the jurisdiction of this honorable court and this without collusion" such evidence of collusion or of fraud as warranted the court in denying the prayer of the libellant? We think not.   An expectation of securing personal service which would bring the respondent within the jurisdiction of the court may have been based upon the knowledge of libellant as to the business plans or habits of respondent and perfectly con-

sistent with her allegation of absence of collusion. Her sworn statement to this effect should be taken as verity until the contrary appears.

The libellant, in our view of the averments of her libel, brought herself clearly within the provision of the laws regulating divorces in Pennsylvania and should have been awarded a subpœna.

Decree refusing a subpœna reversed and a procedendo awarded.