## Nagle v. Nagle, Appellant.

*Divorce—Setting aside decree—Fraud—Laches.*

A decree in divorce granted against a wife for adultery will not be set aside on the ground of alleged collusion between the wife's attorney and the libelant, the husband, where it appears that the wife signed and swore to an answer to the libel, knew of the decree within four days after it was granted, subsequently sold her property as a feme sole, married another man in eight months and was again divorced, permitted the libelant to marry again, and took no steps to set aside the decree until ten years after it was entered, and when the libelant's second wife was still living.

Argued April 11, 1910.  Appeal, No. 145, April T., 1910, by plaintiff, from order of C. P. Erie Co., May T., 1897, No. 7, refusing to set aside decree in divorce in case of T. M. Nagle v. Agnes D. Nagle.  Before Rice, P. J.,

HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to set aside decree in divorce.

WALLING, P. J., filed the following opinion:

The libel in above case asked for a divorce on the ground of adultery. The subpœna was personally served on the respondent in January, 1897. On May 1, 1897, counsel appeared for her and, on May 10, 1897, her sworn answer was filed denying the charge. Much testimony was taken on behalf of libelant, at which her attorney was present and cross-examined. On July 19, 1897, we extended the time for taking testimony on behalf of respondent until the first Monday in August of same year. But no testimony was taken on her behalf; and on said date, August 2, 1897, a decree of divorce was granted. On same day, we gave plaintiff's counsel leave to withdraw the testimony. Mrs. Nagle, the respondent, had personal knowledge of the granting of said divorce within four days after it was granted. And she knew the cause for which the divorce was asked, as appears by her answer, which was prepared by her counsel and read to her and she signed and was sworn to it.

On the faith of that divorce, Mrs. Nagle was married to Henry Betts in the spring of 1898, from whom she later obtained a divorce, and Mr. Nagle was married to Miss Ellen Roberts in the spring of 1904, with whom he is now residing in the city. Respondent has also conveyed real estate and done business as a single woman.

Nothing was done of record in above case for about eight years after the divorce was granted; then the plaintiff's counsel, by leave of court, filed a copy of the libel, the original having been mislaid. The testimony was returned to the files in the summer of 1906. Some time prior thereto, it seems that a search was made for said testimony and it could not be found.

On February 20, 1908, the respondent presented her

petition to this court asking to have the said decree of divorce set aside on the ground of fraud, collusion, insufficiency of evidence on which to base the said decree, etc. The libelant filed an answer denying the material allegations of her petition. Testimony was taken on both sides. Libelant and respondent were married in 1890. They appear to have had some trouble and he applied for a divorce in 1894. That case, however, was dropped, but in May, 1896, they executed a deed of separation, and in consideration thereof, he paid her $60,000, and gave her the home where they had resided. At that time, there appears to have been some talk that she was to go to a western state and get a divorce and she claims to have made a trip west for that purpose; but she did not apply for a divorce from him. She was accompanied, on her western trip, by a lawyer from Erie, and he afterwards met her at hotels in Philadelphia and Atlantic City, and in the summer of 1896, he accompanied her to different hotels in New York and they traveled together through northeastern New York state, stopping at various resort hotels. He registered her name and his at the hotels and they generally occupied connecting rooms. She became pregnant in the early summer of 1896, and gave birth to a child on March 7, 1897. Said lawyer, although not named in the case, was the party with whom respondent is alleged to have committed adultery. And he appeared for her in the above stated divorce case, prepared the answer and was present and cross-examined libelant's witnesses. Libelant testified, without objection, that he had not had sexual intercourse with respondent within over three years of the time said child was born. She charges a fraudulent conspiracy between Mr. Nagle and her lawyer, by which she claims her case was suffered to go by default, and that said attorney permitted it to appear that he had had improper relations with her to enable Mr. Nagle to get a divorce. That charge is denied by the sworn answer of libelant and by the evidence of said attorney. She claims that he was then in the pay of Mr.

Nagle; but that is also emphatically denied by the attorney and by Mr. Nagle.

In our opinion, there was no fraud or collusion in the matter. This is an equitable proceeding and respondent is the only witness called in her behalf, and her evidence is not sufficient to overcome the answer, and evidence on behalf of libelant. She is manifestly mistaken in some important matters and much of her evidence is hearsay. The exceptionally high character of libelant's counsel is certainly a guarantee of good faith on their part. And, while respondent's attorney occupied the awkward position of counsel and co-respondent, had there been a defense, it certainly would have been to his interest to have presented it.

We carefully examined the evidence in 1897, and reached the conclusion that the case was made out, and made the decree. Respondent knew of that decree in four days. She had her remedy then by an application for a rehearing or by an appeal. If a wrong had been done, then was the time to right it. But instead, she ratified it; sold her property as a feme sole, and married again in eight months. Some years later, a lady relying upon that decree, married Mr. Nagle. To strike it down now, would do her irreparable wrong. For about ten years respondent permitted that decree to stand unchallenged and we think she was guilty of gross laches: Catts v. Catts, 35 Pa. Superior Ct. 293.

Of course, the court may set aside a decree of divorce for fraud or imposition; but, it should be clearly shown especially after so long a time. There was no imposition practiced upon the court, we knew perfectly well who the co-respondent was; in fact, his photograph was returned as an exhibit with the depositions. His name was charitably left out of the case, but that was not a fraud; and certainly, the decree could not be affected by the fact that after it was granted, the testimony was withdrawn from the files by leave of court. The testimony was handed down with the decree, and on the same day it

was withdrawn from the files by libelant's counsel by leave of court.

Respondent testifies that in May, 1896, when the deed of separation was made, there was an agreement by which she was to go to Oklahoma and obtain a divorce, and that Mr. Nagle was to pay all expenses thereof including her attorney. Even so, that does not prove fraud or collusion in the divorce case which he brought against her in January, 1897, for matters occurring after May, 1896. Even though respondent's attorney suffered her case to go by default, that would be no reason for setting aside the decree, unless there was a fraudulent collusion between her said attorney and libelant, and of that, there is no sufficient evidence.

And now, August 2, 1909, the rule granted February 20, 1908, to show cause why the decree of divorce made in above-stated case on August 2, 1897, should not be vacated and set aside, is discharged at the costs of the respondent.

*Error assigned* was order discharging the rule.

*Charles H. Edmunds,* with him *Samuel Scoville, Jr.,* for appellant.—The authorities hold conclusively that the lower court had complete jurisdiction to set aside a decree obtained under the circumstances and that it was the duty of that court to relieve its records of any judgments or decrees tainted or avoided by fraud: Catts v. Catts, 35 Pa. Superior Ct. 293; Given v. Given, 25 Pa. Superior Ct. 467; Allen v. Maclellan, 12 Pa. 328; Fidelity Ins. Co.'s App., 93 Pa. 242; Boyd's App., 38 Pa. 241.

*Frank Gunnison,* with him *Joseph M. Force, John S. Rilling* and *Henry E. Fish,* for appellee.—A decree in divorce will not be set aside on the ground of fraud, unless the evidence thereof be clear, and the motion made without delay: Perry v. Perry, 15 Phila. 242; Firmin v.

Firmin, 16 Phila. 75; Baily v. Baily, 44 Pa. 274; Potts v. Potts, 10 W. N. C. 102; Richardson's Est., 132 Pa. 292; Catts v. Catts, 35 Pa. Superior Ct. 293; s. c., 37 Pa. Superior Ct. 598.

Per Curiam, July 20, 1910:

The facts of this case are clearly set forth in the opinion of the learned judge of the common pleas, and need not be restated by us. We have carefully examined the evidence and are all of opinion that his conclusions of fact are sustained thereby. It follows that the refusal to set aside the decree of divorce was not error.

The order discharging the rule to show cause why the decree of divorce made in the above case on August 2, 1897, should not be vacated and set aside, is affirmed at the costs of the appellant.