# Field *v.* Field, Appellant.

*Appeals—Divorce—Refusal to revoke decree—Act of May 20, 1891, P. L. 101.*

Under the Act of May 20, 1891, P. L. 101, an appeal may be taken from an order refusing to revoke a decree of divorce.

*Divorce—Res adjudicata—Revocation of decree—Laches—Discretion of court—Collusion.*

Where a decree in divorce has been entered in a court having jurisdiction under the evidence and the pleadings, and no appeal has been taken, and five years thereafter the respondent files an application to revoke the decree on the ground that the libellant had falsely sworn as to her residence in the county where the decree was entered, and such application is refused, and six weeks thereafter the respondent files a second application in which he alleges that he had not entered a defense because of an agreement with the libellant's paramour which had not been carried out, and the second application is also refused; and an appeal is taken in which both orders are assigned as error, the appeal will be dismissed by the appellate court because, (1) respondent had no absolute right to a rehearing upon the merits; (2) he did not come into court

with clean hands; (3) he was guilty of laches, and (4) there was no abuse of discretion by the court under the circumstances disclosed.

Argued April 16, 1917. Appeal, No. 178, April T., 1917, by defendant, from order of C. P. Fayette Co., March T., 1911, No. 316, refusing to revoke a decree in divorce in case of Rosemary McCormick Field v. James H. Field. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition to revoke decree in divorce.

The facts are stated in the opinion of the Superior Court.

The court below entered the following order:

"And now, Sept. 12, 1916, after consideration, the demurrer of libellant to the petition of the respondent filed May 23, 1916, is sustained and it is ordered and directed that the rule on the libellant to show cause why the decree of March 18, 1911, and the order of April 11, 1916, recited in said petition, should not be revoked, be and the same is hereby discharged."

*Error assigned* was the order of the court.

*Charles E. Mehard* and *W. D. Wallace,* with them *E. D. Field,* for appellant.—The court was without jurisdiction: Mauser v. Mauser, 59 Pa. Superior Ct. 275; Nagle v. Nagle, 3 Grant (Pa.) 155; English v. English, 19 Pa. Superior Ct. 586.

The want of jurisdiction can be taken advantage of in any stage of the proceedings, and is not waived by the omission to interpose it in the court below: Borough of Little Meadows, 28 Pa. 256; Fowler v. Eddy, 110 Pa. 117; Musselman's App., 101 Pa. 165; Wall v. Wall, 123 Pa. 545; Gambe v. Gambe, 22 Pa. C. C. R. 23.

*H. S. Dumbauld,* with him *Sterling, Higbee & Matthews,* for appellee.—The proceedings culminating in the

decree of divorce on the face of the record show the jurisdiction of the court, and the attempt of the plaintiff is only to offer evidence tending to show facts contradictory of the record: English v. English, 19 Pa. Superior Ct. 586.

The questions sought to be raised by the petition from the dismissal of which the appeal has been taken, are res adjudicata: Pennebaker v. Parker, 33 Pa. Superior Ct. 458; Haneman v. Pile, 161 Pa. 599; Gordinier's App., 89 Pa. 528; Frauenthal's App., 100 Pa. 290; Dilworth Coal Co. v. Kidney, 43 Pa. Superior Ct. 625; Marsteller v. Marsteller, 132 Pa. 517; Long v. Lebanon Nat. Bank, 211 Pa. 165.

The appellant was a party to the fraud alleged by the petition to have been practiced, a beneficiary thereof, and is guilty of laches: Shay v. Shay, 9 Philadelphia 521; Hocking v. Hocking, 12 Dist. Rep. 82; Kepner's App., 94 Pa. 74; Potts v. Potts, 10 W. N. C. 102; Catts v. Catts, 35 Pa. Superior Ct. 293.

OPINION BY WILLIAMS, J., July 13, 1917:      ,

This is an appeal from an order sustaining a demurrer to appellant's petition to vacate a decree in divorce.

The parties were married at Pittsburgh, January 25, 1905, and, after residing at various places in Louisiana, Pennsylvania and Tennessee, established a residence at Uniontown, Fayette County, Pennsylvania, in 1906, where, according to the report of the master, they lived "thereafter." They did not agree, and, after numerous separations, Mrs. Field filed a libel in divorce in the Common Pleas Court of Fayette County on February 2, 1911, charging cruel and barbarous treatment and indignities to the person. Respondent was served personally, and, March 8, 1911, caused an appearance to be entered. March 17, 1911, the master took the testimony of libellant's witnesses. The respondent did not appear nor present testimony. March 18, 1911, the master's report was filed recommending a decree a.v.m., upon which

the court made a decree of divorce the same day. No appeal was taken from this decree.

April 11, 1916, appellant presented a petition averring that at the time of the filing of the libel the libellant was not a resident of Fayette County, and had, since the granting of the decree, admitted that she had perjured herself at the instance of other parties to obtain the decree, and prayed for a rule to show cause why the decree should not be revoked. The petition was dismissed the same day and no appeal was taken.

May 23, 1916, a second petition was presented, reciting the first and adding particular averments that petitioner had not entered a defense to the action for divorce because of an agreement with libellant's paramour by which petitioner was to receive a certain consideration, and that consideration had failed, thereby working a fraud upon the court and upon the petitioner. A rule to show cause was granted. The appellee thereupon demurred to the petition, "not confessing or acknowledging all or any of the matters or things, in the said petition contained to be true." The court discharged the rule September 12, 1916, holding that the order dismissing the first petition was res adjudicata of the jurisdiction of the court in the proceeding for divorce, that the appellant was guilty of gross laches in making application for relief, and was estopped by his own participation in the alleged fraud.

Was the order appealed from properly entered? This is not an appeal from the decree granting the divorce, but from the refusal to exercise an equitable power of the court below. It had no power to change its decree except for some reason which would avoid it, such as want of jurisdiction or fraud in its procurement. Formerly an appeal from such an order was not allowed and in a case similar to this the Supreme Court quashed an appeal from an order refusing to revoke a decree: Kepner's App., 94 Pa. 74. The Act of May 20, 1891, P. L. 101, however, allows an appeal from a refusal to open, vacate

or strike off judgments.   Under it we consider whether the court below abused its discretion: Paist v. Spittall, 56 Pa. Superior Ct. 408.

Was the dismissal of the first petition conclusive of the jurisdiction of the court in granting the decree?   The parties and the thing contended for are the same, and they are litigating in the same capacity.   Orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matter adjudged and a bar to further proceedings:  Long v. Lebanon National Bank, 211 Pa. 165.

The court had jurisdiction under the evidence and the pleadings.   The libel alleged and the master found from the testimony that libellant was a resident of Fayette County, which finding was confirmed by the trial court. To hold that the action of the court was reversible because petitioner alleged a different state of facts would be to hold that he had an absolute right to a rehearing upon the merits.   He had no such right:  McCready v. Gans, 242 Pa. 364.

The first petition did not set up collusion, and the second clearly alleged it.   But the agreement alleged by the petitioner to furnish consideration for his acquiescence in the divorce is contrary to public policy:  Kilborn v. Field, 78 Pa. 194; Mathiot's Est., 243 Pa. 375.   It is clear that petitioner was not entitled to relief even if a fraud was committed.   His prayer was addressed to the conscience of a chancellor and his petition convicts him of being a party to and a sharer in the results of the fraud.   He does not come into court with clean hands, and is not entitled to relief:  Miltimore v. Miltimore, 40 Pa. 151.

He is also guilty of laches which is inexplainable even if he had not been a party to the fraud.   He waited five years with full knowledge of the facts set forth in the petition before raising the question of fraud and collusion.   Under the circumstances the question of granting

relief was peculiarly within the discretion of the chancellor: Nagle v. Nagle, 43 Pa. Superior Ct. 442.

The cases cited by the appellant would, perhaps, be applicable, were this an appeal from a decree in divorce. We cannot, however, so consider it, as the time for taking an appeal has long since passed: Given v. Given, 25 Pa. Superior Ct. 467, 470.

We are of opinion that the court below did not abuse its discretion.

The appeal is dismissed.