## Brown v. Brown.

*Divorce—Vacation of decree—Want of jurisdiction—Collusion.*

1. A respondent who entered an appearance in divorce proceedings, though it was subsequently withdrawn, cannot have the decree set aside for lack of jurisdiction, on the ground that neither the libellant nor the respondent was a resident of the county in which the suit was brought.

2. A respondent who entered into an agreement with the libellant not to resist the divorce cannot have the divorce set aside for collusion.

Divorce. Rule to vacate decree. C. P. Lancaster Co., Aug. T., 1920, No. 88.

*Charles G. Baker* and *Byron, Longbottom & Pape,* for rule.

*E. M. Gilbert,* contra.

HASSLER, J., July 2, 1921.—A divorce was decreed in this case on Nov. 13, 1920. On March 12, 1921, the respondent filed her petition asking that the decree be vacated and set aside and the respondent let into a defence, alleging as her reasons why this should be done, first, that the libellant was not a resident of this county at the time he filed his libel on July 16, 1920, nor at any time since then; and, second, that the divorce was obtained by collusion between herself and the libellant.

We are fully satisfied from an examination of the depositions taken on the rule granted on this petition that the libellant did not live in the County of Lancaster at the time he filed his libel nor since then. He was employed in the City of Philadelphia for many years, and resided there for seven years with the respondent on North 25th Street, and after they separated, in March, 1920, at No. 2553 Silver Street, Philadelphia. During all that time he was employed in the City of Philadelphia. He was registered in the City of Philadelphia in September,. 1920, having signed the necessary papers alleging that he was a resident of that city. He voted there in May, 1920, and in November, 1920. It does not appear that he spent any time in Lancaster at all. He was called in cross-examination, and instructed by his attorney not to answer very important questions that would have thrown light on his place of residence. He did not testify that he lived in Lancaster, but did say that he *had his home* at his sister's residence, No. 317 South Queen Street. From these facts we are satisfied, as we have said, that he was not a resident of this county when he filed his libel, and has not been since then.

It appears, however, that a subpœna was served on the respondent, that she employed counsel, who entered an appearance for her and filed a petition asking for a bill of particulars. This was subsequently withdrawn, and libellant proceeded *ex parte* and obtained the decree complained of. The Act of March 13, 1815, § 2, 6 Sm. Laws, 286, requires the libellant to present his libel in the Court of Common Pleas of the proper county where the injured party resides. This has subsequently been amended so that it may be presented in the Court of Common Pleas of the county where the respondent resides. The respondent does not live in this county.

It has been decided, however, in Newbold's Appeal, 2 W. N. C. 472, that if a respondent, without objection, comes into the court where the libel has been filed, even though it is not the county where the libellant or respondent resides, the court will have jurisdiction. In Nagle v. Nagle, 3 Grant, 155, the libel was filed in a county other than that wherein it should have been filed under the Act of 1815. The respondent entered an appearance and filed an answer, which was subsequently withdrawn. A decree of divorce was entered and a petition filed to vacate it on the ground of want of jurisdiction of the court.

Brown *v.* Brown.

In delivering the opinion, Chief Justice Lewis said: "What is this but the trial of a local suit in the wrong county? Conceding for the argument, but without deciding the point, that the wife ought to have filed her libel for divorce in the county where her husband resides, the right of the husband to a trial in that county was a personal convenience, which he might waive. The objection touches his privileges rather than the jurisdiction of the court, for the latter extends over the subject-matter of divorces. In this case the service of the subpœna was accepted by the husband without objection, and an answer was filed denying the allegations of the libel, and praying that it may be dismissed with costs for that reason. A replication to his answer was also accepted, and issue joined upon it by the husband. In this condition the cause was continued for more than two years. When the court was about to proceed to the trial, the answer was withdrawn, and a plea to the jurisdiction was filed. The plea is not in the paper-book, and it is alleged that it has been lost. We have, therefore, no means of knowing what facts were set forth in it. If it contained nothing but an allegation that the parties resided in Berks County at the time of the injury, and that the libellant has ever since resided in Schuylkill County, it was properly overruled. After delaying her for so long a period of time, and putting her to the trouble of preparing her cause for trial in Schuylkill County, it would have been grossly unjust to turn her out of court on such an objection."

We are of the opinion from these authorities that even though this court had no jurisdiction to have entertained the proceedings for a divorce in this case, it was given jurisdiction to decree a divorce by the respondent entering an appearance and taking part in the proceedings.

The second reason given is that the divorce was obtained by collusion between the parties. She alleges that the libellant called on her, after her attorneys had asked for a bill of particulars in the case, and told her that he wanted to obtain a divorce and would remarry her as soon as he had obtained it; that it was known that he had applied for it, and if he withdrew the proceedings he would be made an object of ridicule, and it was on that account that he desired to proceed with it to the end. Upon this representation she instructed her attorneys to withdraw their appearance and take no further action in resisting the divorce.

Section 2 of the Act of March 13, 1815, 6 Sm. Laws, 286, provides that an affidavit to the libel must show that the facts are true, and that it is not made out of levity or by collusion between the libellant and respondent. In Liem *v.* Liem, 5 Kulp, 178, Judge Rice decided that an order to set aside a decree in divorce should not be granted on the allegation that libellant had paid the respondent $100 on condition that she would not oppose the application for divorce nor make defence to it, unless it was shown that such collusion was made before the petition was filed. It was shown that the money was paid a considerable time after the filing of the petition. In Kuhn *v.* Kuhn. 65 Pitts. L. J. 398, it was decided that a divorce will not be vacated when there was an appearance by the respondent, a bill of particulars asked for, and the only allegation to set aside is that the testimony was false and perjured.

In Field *v.* Field, 67 Pa. Superior Ct. 355, where two applications were made to vacate a decree in divorce, Judge Williams said: "The first petition did not set up collusion, and the second clearly alleged it. But the agreement alleged by the petitioner to furnish consideration for his acquiescence in the divorce is contrary to public policy: Kilborn *v.* Field, 78 Pa. 194; Mathiot's Estate, 243 Pa. 375. It is clear that petitioner was not entitled to relief even if a

1 D. & C.

fraud was committed. His prayer was addressed to the conscience of a chancellor, and his petition convicts him of being a party to, and a sharer in, the results of the fraud. He does not come into court with clean hands, and is not entitled to relief: Miltimore v. Militimore, 40 Pa. 151."

While it is true that the prayer of the petition was refused in that case, partly because of the laches of the petitioner in applying to have the decree vacated, the reasoning applies with equal force to the position of the petitioner here. She does not come into court with clean hands. She entered into an agreement which was contrary to public policy, viz., to not resist her husband's application to obtain a divorce. We do not think, therefore, that the petitioner has shown any reason why the decree entered in this case should be opened and vacated, and we, therefore, discharge the rule to show cause why it should not be done.

On exceptions, the following opinion was filed by

HASSLER, J., Oct. 8, 1921.—We are not convinced that any error was committed by us in the opinion dismissing respondent's petition filed in this case, and, therefore, refuse to change or modify it.

The exceptions filed are dismissed.

From George Ross Eshleman, Lancaster, Pa.