## Walentynowicz v. Walentynowicz, Appellant.

*Divorce—Affidavit denying collusion or levity—Section 2 of Act of March 13, 1815, 6 Smith's Laws 287.*

A libel in divorce must be supported by an affidavit of the libellant, that the complaint is not made out of levity or collusion between the husband and wife, and for the mere purpose of being freed and separated from each other, but in sincerity and truth for the causes mentioned in the petition or libel. Without such an affidavit the libel is fatally defective and the decree for divorce under it will be reversed.

Argued March 2, 1925. Appeal No. 4, February T., 1925, by respondent, from decree of C. P. Lackawanna County, October T., 1923, No. 1078, in the case of Joseph Walentynowicz v. Mary Walentynowicz. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Libel in divorce. Before NEWCOMB, J.

The opinion of the Superior Court states the case. The court found in favor of the libellant and granted a decree. Respondent appealed.

*Error assigned* was the decree of the court.

*Stanley F. Coar,* for appellant.

*Stanley M. Evans,* for appellee.

OPINION BY LINN, J., July 9, 1925:

This is an appeal from a decree of divorce, a. v. m. The record is fatally defective, in a respect, we assume, that was not called to the attention of the learned court below.

In Kilborn v. Field, 78 Pa. 194, the court said: "The libel must be supported by an affidavit of the libellant, that 'the complaint is not made out of levity or collusion between the husband and wife, and for the mere

purpose of being freed and separated from each other, but in sincerity and truth for the causes mentioned in the petition or libel': [section 2, Act of March 13, 1815, 6 Sm. L. 287]. Without such an affidavit the libel is fatally defective, and the decree for divorce under it will be reversed: Hoffman v. Hoffman, 6 Casey 419.''

In this case there is no evidence that the required oath or affirmation was made. Inspection of the record discloses that libellant appears to have signed a form of oath but there is no jurat, or other evidence of any kind, certifying that he swore to the truth of what is stated. The statute must be complied with: Hoffman v. Hoffman, supra; Kilborn v. Field, supra.

The decree is reversed and the record remitted with instructions to dismiss the libel.