## Hilyard, Appellant, v. Hilyard.

*Divorce—Jurisdiction—Residence of libellant.*

A libellant who resides in another state cannot maintain an action in divorce in Pennsylvania on the ground that her husband resides therein.

A full year's actual bona fide residence within the state, prior to the filing of the libel, is requisite to the bringing of an action for divorce in Pennsylvania.

The divorce laws of Pennsylvania recognize that the husband and wife may have separate and distinct residences; that the residence of the husband does not determine that of the wife so as to govern her right to a divorce, and that a person who has acquired a bona fide residence in this state, and actually resides here for a year, may bring his or her action in divorce, though the offending spouse never resided within the commonwealth and the cause of action arose out of it.

Argued November 17, 1925. Appeal No. 353, October T., 1925, by libellant, from judgment of C. P. Chester County, October T., 1924, No. 40, dismissing libel in divorce, in the case of Genevieve B. Hilyard v. Leroy Hilyard. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce. Before HAUSE, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to C. C. Campbell, Esq., as Master, who recommended that a divorce be granted. Subsequently the court dismissed the libel.

*Error assigned* was the decree of the court.

*B. Cohen,* and with him *Emanuel Furth* and *Thomas L. Hoskins,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., February 26, 1926:

This is an appeal from the decree of the court below dismissing a libel in divorce for want of jurisdiction. Personal service was made on the respondent but no appearance was entered by him.

At the time the desertion complained of took place both parties were domiciled at Norristown, Montgomery County, this State. With respondent's consent libellant, in May 1923, went on an extended trip to the west. When she was gone about a month she received a letter from him stating that he would not live with her any longer. In the fall of that year he went to Mexico and started proceedings for divorce there which came to nothing because of her refusal to accept service. Shortly thereafter she came east and went to live with her sister at Keyport, New Jersey, and commuted to New York City,—where she had obtained a position,—until she established herself in business, when as she testified, "I provided myself with a home in New York and moved up there. I lived in New York on Riverside for a short time and then I moved to New Brighton, Staten Island, where I am living now." The respondent now lives with his parents at West Chester, Chester County, Pennsylvania.

Norristown was libellant's last place of actual residence in Pennsylvania. She never resided in Chester County, but claims the right to file her libel there, on the ground that her residence, no matter where she may in fact be residing, follows that of her husband, notwithstanding his desertion of her, and even though

the desertion occurred in one county where the family residence then was and he later moved to the county in which suit was brought.

If it be assumed that libellant's residence in New York is only temporary and that her domicile continued as before, then her residence in Pennsylvania was at Norristown, Montgomery County, and the lower court correctly ruled that her action in divorce should have been filed in that county. The ruling is supported by the decision of the Supreme Court in Sherwood's Appeal, 17 W. N. C. 338, 1 Sadler 497; and of this court in Ames v. Ames, 7 Pa. Superior Ct. 456. In the former case, just as in this, no appearance was entered for the husband, distinguishing it from Newbold's Appeal, 2 W. N. C. 472 and Nagle v. Nagle, 3 Grant 155. The Commonwealth is a sufficiently interested party in divorce proceedings (Weymers v. Weymers, 81 Pa. Superior Ct. 432), to see that all jurisdictional requirements are observed.

We are of opinion, however, that appellant, both in her libel and in her testimony, has shown that her residence in New York is not temporary; that she has relinquished her domicile in this state and acquired a new and permanent residence in New York; and if so, we are of opinion that she cannot bring her action for divorce in this state, until she comes back with the bona fide intention to make her residence here, and actually resides within the Commonwealth for a year.

Whatever may have been the construction placed upon earlier acts of assembly, a long line of statutes in comparatively recent years makes it clear that our legislature intends as a jurisdictional requisite to the bringing of an action for divorce in this state a full year's actual bona fide residence within the Commonwealth prior to the filing of the libel. See, inter alia, Acts of May 8, 1854, P. L. 644, section 2; April 22, 1858, P. L. 450; June 20, 1893, P. L. 471;

April 28, 1903, P. L. 326; April 26, 1905, P. L. 309; April 13, 1911, P. L. 60. These acts recognize that the husband and wife, at least in so far as respects an action for divorce, may have separate and distinct residences; that the residence of the husband does not determine that of the wife so as to govern her right to a divorce; that a person who has acquired a bona fide residence in this state and actually resided here for a year may bring his or her action in divorce though the offending spouse never resided within the Commonwealth and the cause of action arose out of it. Consequently we held in Starr v. Starr, 78 Pa. Superior Ct. 579, that a woman whose husband had deserted her in Canada and come to this state, where he thereafter resided, but who herself had never lived within our borders, could not bring an action of divorce in Pennsylvania, until after she had actually resided here for one full year. In Gearing v. Gearing, 83 Pa. Superior Ct. 423, we held that a mere legal residence in the state with an actual residence out of it was not sufficient to give our courts jurisdiction in divorce. See also, Hollister v. Hollister, 6 Pa. 449, 451; Colvin v. Reed, 55 Pa. 375, 380; English v. English, 19 Pa. Superior Ct. 586; Bell v. Bell, 181 U. S. 175. A wife may establish her domicile apart from her husband; Com. v. Shetzline, 84 Pa. Superior Ct. 100, 102. If the facts as to residence were just reversed and the parties had originally been domiciled in New York and respondent still resided there but libellant had established herself in business in West Chester, Pennsylvania, and had provided herself a home there and had lived there as long as she has resided in New York, there could be no doubt of her right to sue for a divorce in this state: Reed v. Reed, 30 Pa. Superior. Ct. 229; Shepard v. Shepard, 18 Pa. Superior Ct. 467, So, likewise, if the statutes regulating divorce were the same in New York as in Pennsylvania, there could be

no question of her right to bring her action there, where she now resides. She cannot have two residences within the contemplation of our divorce statutes, and choose whichever one may suit her convenience for divorce purposes. The residence within this state must be actual with domiciliary intent: Abbott v. Abbott, 75 Pa. Superior Ct. 483.

The adoption of the nineteenth amendment to the federal constitution has also, in some respects, altered the status of women as regards their domicile. A woman living separate and apart from her husband may vote at the place of her actual residence; and if the exercise of the right of suffrage is conclusive as to domiciliary intent (Shelton v. Tiffin, 6 Howard 163), may acquire a domicile apart from her husband's. This appellant has resided in New York sufficiently long to qualify her to vote as a citizen of that State. She may, in fact, have done so. She certainly could not vote in Pennsylvania, if the facts relative to her residence in New York were disclosed.

In her libel appellant did not state that she was a resident of Pennsylvania, or that she had resided here for one whole year previous to the filing of her libel; on the contrary she averred that she had resided in Pennsylvania until October 1923, when she was compelled to seek a residence with her sister, at Keyport, New Jersey, where she remained until April of 1924, when she removed to the City of New York and Staten Island, where she presently resides at 54 Wall St., New Brighton, Staten Island'',—and that she is not "possessed of any other residence in the State of Pennsylvania outside of the domicile of the respondent.'' This, with her testimony at the hearing, is conclusive that her residence and domicile are outside the Commonwealth; and in our view of the law as it now is, prevents her from bringing an action in divorce within this state until she removes here and establishes

her residence with domiciliary intent within the state and actually resides herein at least one whole year.

The decree of the court below is affirmed at the costs of the appellant.