# Gearing v. Gearing, Appellant.

*Divorce—Cruel and barbarous treatment—Evidence—Sufficiency—Domicile—Proof of.*

In an action of divorce on the ground of cruel and barbarous treatment a verdict in favor of the libellant will be sustained where the evidence clearly established such a course of conduct as would warrant the granting of a divorce.

Domicile is the place in which, both in fact and intent, the home of a person is established without any purpose to return to a former home; the place where he lives, in distinction from that where he transacts his business; the place where he chooses to abide, in distinction from that in which he may be for a temporary purpose; the place which he has chosen, in distinction from one to which he may be exiled. The question of jurisdiction is to be de-

cided by the court, although where it is dependent upon, questions of fact the jury may, subject to the direction of the court as to matters of law, affirm or deny jurisdiction by a general verdict.

A naval officer, who moves to a city with the intention of permanently residing there, and lives there continuously, except for short intervals while performing sea duty, has established such residence with domiciliary intent as to comply with the statutory requirements relative to divorce.

Under the provisions of the Act of May 8, 1919, P. L. 164, providing for a jury trial in divorce cases, upon rule to show cause why such issues of fact should not be tried before a jury, the court may discharge the rule, or make it absolute, or frame issues itself, but only the issues as ordered by the court shall be tried.

Argued November 9, 1926.   Appeal No. 236, October T., 1926, by respondent from decree of C. P. Philadelphia County, September T., 1924, No. 341, in the case of Henry C. Gearing v. Olive S. Gearing.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.   Affirmed.

Libel in divorce.   Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

The jury found in favor of respondent on the question of cruel and barbarous treatment, and in favor of libellant on the question of indignities to the person.   The court granted a divorce.   Respondent appealed.

*Error assigned,* among others, was the decree of the court.

*G. Coe Farrier,* and with him *Edward Merchant,* for appellant.

*Joseph Neff Ewing,* of *Saul, Ewing, Remick & Saul,* and with him *Earl G. Harrison,* for appellee.

OPINION BY LINN, J., March 3, 1927:

On August 15, 1924, appellee began this suit in

divorce. On appellant's application, bills of particulars were filed. To them and to the libel she filed an answer. She then applied for a rule on libellant "to show cause why the issues of fact in this proceeding [specifying two issues] shall not be tried by a jury." Libellant opposed the application, but, after hearing, it was granted. The court in compliance with her rule "ordered that the following issues be tried, to wit: '1. Did the respondent, by cruel and barbarous treatment endanger the life of Henry C. Gearing, Jr., the libellant? 2. Did the respondent, in violation of her marriage vows and of the laws of this Commonwealth, offer such indignities to the libellant as to render his condition intolerable and life burdensome?' "

A jury trial of those issues followed; the first inquiry was answered, no, and the second, yes. Motions for a new trial and for judgment n. o. v. were refused. A final decree was made and respondent appealed. The assignments of error can be grouped conveniently and need not be discussed separately.

1. Appellant contends that the statutory requirement of one year's residence in Pennsylvania prior to suit is lacking, and two positions are taken: (a) that the court erred in deciding that point against her as matter of law; (b) that the court erred in not submitting the evidence on that subject to the jury.

(a) The Act of May 9, 1913, P. L. 191, Sec. 2, requires that the "applicant for such divorce shall, at the time of filing the petition or libel in divorce, have been a resident of this Commonwealth for one year previous to the filing the petition or libel in divorce." The libellant was an officer in the Navy. He testified that he moved to Philadelphia, January 3, 1922, with the intention of residing there permanently, and that he lived there excepting for short intervals when performing sea duty. In reply to whether it was his intention to make Philadelphia his home, he

said, "I live here and I consider it my home and always will maintain it"; and that it was his intention to make Philadelphia his permanent home.  During part of the period his duties required him to live in the officers' quarters in the Philadelphia Navy Yard.  We do not regard his sojourn on duty in the Navy Yard or at sea as described in the record, as inconsistent with or limiting the effect of his declaration that when he moved to Philadelphia in January, 1922, he did so with the intention of making Philadelphia both his domicile and his residence, and we agree with the court below that the evidence shows that from that time he maintained it as his residence and was so residing there at the time of the trial.  "Domicile is the place in which, both in fact and intent, the home of a person is established without any purpose to return to a former home; the place where he lives, in distinction from that where he transacts his business; the place where he chooses to abide, in distinction from that in which he may be for a temporary purpose; the place which he has chosen, in distinction from one to which he may be exiled or sent a prisoner, or, being in the government service, to which he is ordered ...... it is the place which the fact and the intent, combined with each other and with the law, gravitate to center in, as the home.": Bishop on Marriage, Divorce and Separation, Vol. 2, Sec. 88.  See also Gearing v. Gearing, 83 Pa. Superior Ct. 423 and Hilyard v. Hilyard, 87 Pa. Superior Ct. 1.

(b)  As there is no contradiction of the evidence referred to, there is no dispute on the subject to be sent to the jury.  "The question of jurisdiction is to be decided by the court, although where it is dependent upon questions of fact, the jury may, subject to the direction of the court as to matters of law, affirm or deny jurisdiction by a general verdict": 15 C. J. 851. See also Knauer's Petition, 287 Pa. 115, 119.

(2) Appellant also complains that at the trial she was not permitted to enlarge the scope of the issues fixed by, as well as pursuant to, her rule to show cause. No application to frame other issues was made. The procedure is prescribed by the Act of May 8, 1919, P. L. 164, which provides: "...... Upon the return of said rule [to show cause why the issues of fact set forth in said rule should not be tried] after hearing, the court may discharge it or make it absolute, or frame issues itself, but only the issues as ordered by the court shall be tried accordingly ......" The contention is without merit: Gordon v. Gordon, 23 Pa. Superior Ct. 261, 267; Jackson v. Jackson, 49 Pa. Superior Ct. 18, 22.

Complaint is made of the refusal to affirm certain requests for charge, and it is also said that there was error "in emphasizing libellant's case and minimizing respondent's case" in the charge to the jury. There is no basis for the complaints concerning the refusal to affirm the requests for charge. The issue was whether the respondent made the statements as related in the evidence and not whether in making them she acted in bad faith or with malice, or intending to burden his life; it was the function of the jury to determine whether she made the statements and their effect; her intentions were not controlling. Something is also said in the argument about recrimination; it was not involved in the issues framed: Jackson v. Jackson, supra. There is no cause for appellant's adverse criticism of the charge. The libellant called many witnesses, she called none; that alone accounted for the difference in time required to refer to the evidence offered by each side; there was no undue emphasis such as is complained of.

The decree is affirmed.