## Hartzell v. Hartzell.

*Butz, Rupp & Welty*, for libellant.

RENO, P. J., Nov. 26, 1928.—The master recommended a divorce, but the affidavit to the libel is not in the form required by statute. It avers merely that the facts alleged in the libel are true and correct. It omits the required averment that the complaint is not made out of levity or collusion, etc.

The libel is fatally defective: Hoffman v. Hoffman, 30 Pa. 417, 419; Walentynowicz v. Walentynowicz, 89 Pa. Superior Ct. 182. Libellant concedes this, but suggests that she be permitted to cure the defect by amendment.

This brings forward again the vexing question of amendments in divorce proceedings. Upon this subject there are numerous decisions, principally by lower courts, but the positions therein announced are so diverse that it is difficult to formulate a consistent, clear and workable rule from them. Upon one point, however, there is practical unanimity, that is, amendments are not permitted after the master has filed his report. Still, we have found at least one case where a libel "formally defective" was permitted to be amended even after an appeal (Heilbron v. Heilbron, 158 Pa. 297), and another where the libel was amended during the trial: Fay v. Fay, 27 Pa. Superior Ct. 328. But we still lack a clear, broad, authoritative (appellate or statutory) announcement as to what may be amended, in what particulars libels may be amended, how the amendments shall be made and when they may be made. Until such announcement is forthcoming, we think a court should allow amendments with great caution and should never allow an amendment in a particular which the appellate courts have pronounced "fatally defective."

Even if we were able to see our way clear to permit an amendment, it could be allowed only upon notice to respondent in the same manner as the original subpœna was served and subject to the same requirements as to time of service and return. Moreover, since the effect of the amendment is the equivalent of a new libel (Maynard v. Maynard, 18 Dist. R. 410), it would necessarily follow that all the subsequent proceedings, including the taking of the testimony, be repeated. In these circumstances, libellant's cause is as well served by a new case. Indeed, it is better served; for thereby a decree can be secured free of the class of objections which might readily produce its subsequent vacation.

Now, Nov. 26, 1928, the master's report is not approved, the divorce is refused and the libel is dismissed, without prejudice to libellant's right to institute a new action for divorce upon the same ground and upon the same facts.

From Edwin L. Kohler, Allentown, Pa.