## McNamara v. McNamara

*Moe H. Hankin,* of *Hankin & Hankin,* for plaintiff.

DANNEHOWER, J., January 5, 1949.—This case is before us on exceptions to a master's report recommending the dismissal of a libel in divorce on the grounds that venue requirements were not satisfied by a member of the armed services.

The facts are not disputed. Plaintiff, who joined the United States Navy in December 1943, knew defendant for six months prior to their marriage in January 1944. At that time plaintiff lived with his parents in Philadelphia, while defendant lived in an apartment in Prospect Park, Delaware County, Pa. After their marriage, the parties lived together during brief periods of his military leave until he was transferred overseas in March 1944. When that occurred defendant returned to the home of her parents in Minersville, Schuylkill County, Pa. They last lived together in Philadelphia during 17 days in August and September 1945, when plaintiff was on leave from his ship, which was then in California.

It was shown by her letters that defendant informed her husband that she would not live with him in Philadelphia, that she intended to live in Minersville forever, and that she was no longer in love with him and did not care if he ever wrote or saw her again. She also said that she had married him because her mother wanted her to do so, and at the time of the marriage

to plaintiff she was in love with another man whom she still loved.

After his discharge from the Navy in December 1945, plaintiff went immediately to Minersville but was unsuccessful in persuading defendant to come to Philadelphia with him. He returned to Philadelphia and lived with his parents until January 1947, when he reënlisted in the Navy. He was assigned to duty at the Naval Air Development Station, Johnsville, Montgomery County, Pa.

There are no quarters at the Johnsville station available for plaintiff's occupancy. The nature of his work is such that he is free to make his home where he chooses so long as it does not interfere with his duties. A short distance from Johnsville is the Naval Air Station, Willow Grove, Montgomery County, Pa., and plaintiff has taken up residence in one of the barracks there. It is only in the technical sense that he is assigned to those quarters. The assignment is at his own request because he can live there rent free and it is close to his duty station.

From these facts, the master concluded that while defendant was guilty of wilful and malicious desertion and absence from the habitation of plaintiff, without reasonable cause, for and during the term of more than two years, plaintiff was still a resident of Philadelphia and not a resident of Montgomery County. He therefore reluctantly recommended that the petition be denied and the libel dismissed.

It is unquestioned that plaintiff is a bona fide resident of Pennsylvania. However, the master cites those cases which point out that where neither plaintiff nor defendant are residents of the county where the petition is brought, the divorce will be refused: Brosch v. Brosch, 54 D. & C. 413 (1945); Krusch v. Krusch, 6 D. & C. 639 (1925); Sherwood's Appeal, 17 W. N. C. 338, 4 Atl. 455 (1886).

The master has also cited the line of cases which are authority for the proposition that where defendant has made an appearance or in some way taken part in the proceedings, mistakes in venue cannot later be raised. See Nagle v. Nagle, 3 Grant 155 (1855); Machmer v. Machmer, 62 Montg. 69 (1945). But the master correctly decided that since defendant had taken no action which might be said to waive deficiencies in venue, these cases were not in point.

So far as the learned master is concerned, the decision here is governed by the line of cases which hold that a sailor or soldier does not acquire a domicile at a place to which he is ordered by the military authorities: Nixon v. Nixon, 329 Pa. 256, 198 Atl. 154 (1938); Alburger v. Alburger, 138 Pa. Superior Ct. 339, 10 A. (2d) 888 (1939).

The master has apparently overlooked two features which distinguish those cases from the one before us. In the first place, they deal with jurisdiction and whether or not plaintiff concerned was a bona fide resident of the State. In this case the question is one of venue, which is not as important and hence subject to more liberal rules. As we have pointed out, for example, it may be waived: Nagle v. Nagle, supra. That is not so in matters of jurisdiction.

Secondly, while it is true that plaintiff has been ordered to duty at Johnsville, military compulsion ends there. He can live in any county he chooses, be it Philadelphia, Montgomery or Bucks, so long as he is able to do his work properly. The Navy has had nothing to do with his choosing to live on the Naval Air Station at Willow Grove, except to give its permission. The choice was plaintiff's entirely. It is pointed out in A. L. I. Restatement of the Law of Conflicts §21(c):

"A soldier or sailor, if he is ordered to a station to which he must go and live in quarters assigned to him,

cannot acquire a domicil there though he lives in the assigned quarters with his family; for he must obey orders and cannot choose to go elsewhere. If, however, he is allowed to live with his family where he pleases provided it is near enough to his post to enable him to perform his duty, he can acquire a domicil where he lives." See also Gearing v. Gearing, 90 Pa. Superior Ct. 192 (1926), and Percy v. Percy, 188 Cal. 765, 207 Pac. 369 (1922).

This is not the case of a resident of another State ordered to duty and assigned quarters at the Willow Grove station who seeks a divorce in the courts of Montgomery County. This is the case of a Pennsylvanian who avers that he no longer lives in Philadelphia but now resides in Montgomery County. Therefore, we do not feel that the question can be decided on the authority of Nixon v. Nixon, supra.

However, we do agree with the learned master that plaintiff has failed sufficiently and satisfactorily to prove that he is a resident of Montgomery County and that the venue is in this county, but that he should be given a further opportunity to present additional evidence as to his residence in this county. The proof of change of domicile does not depend upon any particular fact but upon whether all the facts taken together tend to establish a new, fixed and permanent residence: Verbeck v. Verbeck, 160 Pa. Superior Ct. 515, 52 A. (2d) 241 (1947). Aside from plaintiff's statement and that of his brother, the only evidence offered to prove his residence at Willow Grove was a letter from his personnel officer. The three statements are insufficient evidence.

The facts that plaintiff may often sleep there and keep some of his uniforms there are not enough. For example, the address on his driver's license, the address given his bank, his home of record with the Navy, how often he goes to his parental home, where

he keeps his personal property, where he goes to church, and where he votes are all evidence of where he resides. At least some evidence of this type should have been introduced.

In our opinion these facts could be brought out very quickly at another hearing before the master. We think such a hearing should be held so that plaintiff can offer further proof of his residence.

And now, January 5, 1949, the master's report and the record is referred back to the master, to give plaintiff an opportunity to produce additional testimony.