## Wyatt v. Wyatt

*Walter H. Katherman, Jr.*, for plaintiff.

SHEELY, P. J., November 2, 1961. — Plaintiff has proved a good case of cruelty and of indignities to the

person. However, there are two questions raised by the record which require comment.

First, there is no proof of the marriage of the parties other than the bare statement to that effect by plaintiff. As stated in 1 Freedman, Law of Marriage and Divorce in Pennsylvania, §98, Proof of Marriages: "Proof of the existence of a valid marriage is a fundamental prerequisite to a divorce." In Carter v. Carter, 1 Kulp 359 (1882), the court said:

"As to the proof of marriage, it is proper to say that whether the proceedings are ex parte or otherwise, there ought to be no uncertainty as to the fact."

It was formerly the practice in this court in all actions for divorce to prove the fact of marriage by the record or by other competent proof. This was changed by our local rule of court no. 129, which provides that: "it shall not be necessary in any proceedings for a divorce, where the Complaint has been served personally, to prove the fact or time of marriage; but the allegation in the Complaint shall be taken as true, that on a certain day a marirage was celebrated between the parties, unless the defendant files an answer, under oath, denying such allegation."

The requirement of proof of marriage remains, however, where, as in this case, the complaint was not served personally upon defendant.

Second, the complaint filed in this case was not endorsed with a notice to defendant to plead thereto, and the question arises as to the effect of this failure. 2 Freedman, §557, Notice to Plead, states that the complaint must have endorsed upon it a notice to plead, but does not discuss the result of a failure to have it so endorsed. Goodrich Amram, §1025, Endorsement, points out that the endorsement of the notice to plead is not mandatory, but the failure to do so endorse will block the action and relieve defendant from any need to act.

Pa. R. C. P. 1037(b) permits a plaintiff in an ordinary action at law to have judgment against defendant by default for want of an answer only if the complaint has been properly endorsed with a notice to plead. See Phillips v. Evans, 164 Pa. Superior Ct. 410 (1949). But this rule cannot affect this case in any way, since Pa. R. C. P. 1135 provides that in divorce cases "No judgment may be entered for the plaintiff by default or on the pleadings, but the plaintiff shall present evidence in support of the averments of the complaint in all cases." This is because the Commonwealth is always a party to all divorce actions. See Kilborn v. Field, 78 Pa. 194 (1875); Goodrich Amram, §1129-4, Penalty for Failure to Answer.

Under Pa. R. C. P. 1026, ". . . no responsive pleading need be filed unless the preceding pleading is endorsed with a notice to plead," so that defendant is relieved of the necessity of filing an answer to a complaint not so endorsed. However, under Pa. R. C. P. 1029(d), "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." The result then is that plaintiff is required to produce proof of all the averments of the complaint just as he is required to do under Pa. R. C. P. 1135. Furthermore, there would be no delay in the case, since Pa. R. C. P. 1131(c) provides that where no answer has been filed and service has been made by publication, as in this case, the divorce action is at issue 20 days after the last appearance of the publication.

The result of these rules is that the failure to endorse the complaint with a notice to plead has no effect in a divorce action, at least, where the complaint is served by publication. It is noted that the publication in this case did contain a notice to plead.

And now, November 2, 1961, the record is referred back to the master to fix a time for further hearing at which plaintiff may offer proof of marriage.