94      74
25 SC 470

# Kepner's Appeal.

The refusal of the Court of Common Pleas to grant a rule to show cause why their decree of divorce should not be revoked, is not the subject of review by appeal to the Supreme Court.

March 18th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas of *Schuylkill county:* Of January Term 1880, No. 327.

Libel in divorce by Sophia Kepner, by her next friend, Levi Huber, against S. K. M. Kepner.

On the 25th of January 1869, Sophia Kepner filed her libel in the Court of Common Pleas of Schuylkill county, upon which the court awarded a subpœna, which was returned *non est inventus*, and thereupon, on the 1st of March 1869, the court, upon motion, awarded an alias subpœna to June Term 1869. This alias subpœna was also returned *non est inventus* by the sheriff, and publication was made for four weeks in July 1869, notifying the respondent to appear at September Term 1869. On the 7th of June 1869, the court appointed an examiner to take depositions ex parte libellant and report the same to the court to September Term 1869. On the 30th of June 1869, depositions of the petitioner were taken, which were filed in court on the 6th of September 1869, and on the same day the court decreed that libellant be divorced.

On the 5th of May 1879, the respondent presented his petition, praying for a rule on the libellant to appear and show cause why the decree should not be revoked. The court took the papers, and on the 19th of May 1879, filed them, together with an order refusing the rule, with the verbal announcement that the respondent had waited too long to make his application. On the 25th of August 1879, the respondent presented an additional petition alleg-

ing the time of his first knowledge of the decree of divorce to be September 1878; and on the 16th of February 1880, the court again refused a rule, and the petitioner excepted to the order of the court. When these petitions were presented and the rule prayed for, the counsel for the respondent claimed that the decree of divorce was void for want of jurisdiction; that it was not justified by the depositions ex parte libellant, she not having proved that she was a citizen of Pennsylvania or had resided therein for one year previous to filing her libel.

The court refused the rule, when the respondent took this writ, alleging that the court erred in refusing to grant the rule; in the appointment of the examiner and decreeing a divorce upon the depositions ex parte libellant; in the decree of divorce before notice of publication had been returned, and in not dismissing the libel for want of jurisdiction.

When the case came on for argument in the Supreme Court, the appellee's counsel moved to quash the writ on the ground that the refusal of the court to grant a rule to show cause why the decree should not be revoked was a discretionary act, and was not the subject of review.

*B. Bryson McCool*, for appellants.—The right to a re-hearing was demanded on the ground of after-discovered facts, and the refusal of the court was the subject of review; Keim's Appeal, 3 Casey 44. The appointment of the examiner was premature, and without authority. No further proceedings could be had until the time to which the order of publication was returnable: Act of March 13th 1855, sect. 3; Hoffman *v.* Hoffman, 6 Casey 417.

Here the parties moved to New York in 1859, and the wife ten years later, during the temporary absence of her husband in California, came to Pennsylvania, leaving her parents and children in New York, and while visiting her sister filed her libel in divorce. Surely there was no jurisdiction in this case: McDermott's Appeal, 8 W. & S. 256; Steel *v.* Smith, 7 Id. 447; Hollister *v.* Hollister, 6 Barr 451; Colvin *v.* Reed, 5 P. F. Smith 375; Reel *v.* Elder, 12 Id. 308. A bona fide domicile, in the strictest sense of the word, is essential to give jurisdiction; and this is the doctrine now firmly established in America: Story's Conflict of Laws, 5th ed., 352.

*S. H. Kaercher* and *G. R. Kaercher*, for appellee.—By the provisions of the Act of 1815, Purd. Dig. vol. 1, page 510, sect. 12, the court was expressly authorized to decide the case " in the presence of the parties, or if either of them will not attend, then ex parte, by the examination of witnesses, or interrogatories, exhibits or other legal proofs had either before or at the hearing." The court having jurisdiction, the proceedings being regular, the decree of the court was final and conclusive. The Act of 8th

February 1819, sect. 1 Purd. Dig. page 511, sect. 17, exprèssly declares that "no appeal shall lie from the final sentence or decree of the court of common pleas or other court having competent · jurisdiction in cases of divorce after the expiration of one year from the time of pronouncing the said final sentence or decree." The action of the court below in refusing to vacate its orders, decrees or judgments is not reviewable in this court: White v. Leeds, 1 P. F. Smith 189 ; Kalbach v. Fisher, 1 Rawle 323 ; Kellogg v. Krauser, 14 S. & R., 144 ; Skidmore v. Bradford, 4 Barr 296 ; Nice v. Bowman, 6 Watts 26 ; McKee v. Sanford, 1 Casey 105 : Bunce et al. v. Wightman, 5 Id. 335 ; Breden v. Gilliland, 17 P. F. Smith 34 ; Gamble v. Woods, 3 Id. 160.

The judgment of the Supreme Court was entered March 31st 1880,

PER CURIAM.—The decree below was entered September 6th 1869. The appeal is clearly barred by lapse of time. The refusal of the court, May 19th 1879, and again, February 14th 1880, to grant a rule to show cause why the decree should not be revoked, was clearly not the subject of review by appeal to this court. We cannot in this way decide whether this court had jurisdiction to enter the original decree or did so upon sufficient evidence.

Appeal quashed.