## AGNEW'S APPEAL.

Where the respondent in divorce accepts a sum of money decreed to her as alimony in a decree for divorce, she is estopped from denying the validity of the decree.

Appeal from Common Pleas No. 3, of Philadelphia County. No. 148 January Term, 1883.

In this case the libel was filed alleging desertion. An answer was filed alleging an agreement to live separate. An amendment to the libel, alleging that respondent, Mary Agnew, had offered such indignities to the person of libellant as to render his condition intolerable and his life burdensome, was then filed. Testimony was taken, and the Court finally made a decree for divorce and that the respondent be paid $50,000 and receive a conveyance for a house at Carlisle and Poplar streets as alimony. The money was paid and conveyance made. Before the appeal was heard the appellant offered to return the alimony decreed to her, less the costs and the counsel fees she had paid, amounting to $11,250.

Mary Agnew appealed to the Supreme Court, complaining of the amendment and granting the divorce.

*Messrs. John C. Redhffer and D. C. Harrington*, for appellant, contended any cruel and barbarous treatment was condoned by the article of separation, and that the libel was not amendable without leave of Court.

*Hon. L. C. Cassidy, contra.*

The Supreme Court affirmed the decree of the Common Pleas on February 12th, 1883, in the following opinion,

PER CURIAM:

It is not now necessary to decide whether the facts proved justified the decree of divorce. We think the appellant is estopped from denying its validity. When it was made the Court further ordered the libellant to pay her in lieu of alimony the sum of $50,000, and also convey to her a certain house and lot. Two days thereafter the money was paid, and deed executed, and both accepted by her. She still retains them. In accepting as much of the decree as she deemed beneficial to herself she ratified and confirmed the whole decree. The money and property decreed to her were not temporary alimony, but as a gross sum on the absolute severance of the bonds of matrimony. She accepted it as made and is bound to submit to the whole decree.

Decere affirmed and appeal dismissed at the costs of the appellant.