# McDonald's Estate.

*Divorce—Return day—Mistake—Parties—Procedure — Acts of April 22, 1905, P. L. 293, and April 20, 1911, P. L. 71.*

1. Where the return day of a libel in divorce is fixed at too early a date, the mistake is merely an irregularity which does not render the decree void, but only voidable, at the instance of a party to the proceeding, if a proper and prompt application to open it is therein made.

2. One not a party to the divorce cannot be heard in any proceeding to make objection to the decree upon this ground.

3. Quære, whether the differences of procedure specified in the Acts of April 22, 1905, P. L. 293, and April 20, 1911, P. L. 71, must not be resolved in favor of the method provided by the latter.

Argued October 6, 1920. Appeal, No. 2, Oct. T., 1920, by Elizabeth McDonald, widow, from decree of O. C. Washington Co., Nov. T., 1919, No. 29, dismissing petition for share in distribution in estate of Charles A. McDonald. Before BROWN, C. J., STEWART, MOSCH-ZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Petition by widow to share in distribution. Before HUGHES, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition. Elizabeth McDonald, widow and petitioner, appealed.

*Error assigned*, inter alia, was decree, quoting it.

*Erwin Cummins*, for appellant.—A subpœna returnable to a return day less than thirty days hence is voidable, but not void. To annul a divorce at the instance of a stranger to the proceeding, the irregularity must render the proceeding wholly void, not merely voidable: Hake v. Fink, 9 Watts 336; Brundred v. Egbert, 164 Pa. 615; McCune v. McCune, 31 Pa. Superior Ct. 248; English v. English, 19 Pa. Superior Ct. 586; Vail v. Osborn, 174 Pa. 580.

Where a writ is not made returnable according to statute, it is voidable, not void: Stroup v. McClure, 4 Yates 523; Gallagher v. Maclean, 7 Pa. Superior Ct. 413; Temple v. Myers, 16 Pa. Superior Ct. 232; Fisher v. Potter, 2 Miles 147; McAlpine v. Smith, 68 Me. 423; Kelley v. Gilman, 29 N. H. 385; Williamson v. McCormick, 126 Pa. 274; Schober v. Mather, 49 Pa. 21.

The construction placed on the Act of March 13, 1815, 6 Sm. L. 287; the Act of April 22, 1905, P. L. 293, and the Act of April 20, 1911, P. L. 71, by the court below, is not tenable and not supported by the authorities.

*Richard G. Miller,* of *Donnan & Miller,* for appellee.—
The general principal that there must be legal service
of the process on the respondent, has been uniformly
held in the lower court cases: Bittinger v. Bittinger, 4
Pa. Dist. R. 441; Clark v. Clark, 17 Pa. Dist. R. 761;
Sonnik v. Sonnik, 44 Pa. C. C. R. 458; Hammill v. Ham-
mill, 44 Pa. C. C. R. 452; Davenport v. Davenport, 17
Pa. Dist. R. 1005; Ormsby v. Ormsby, 47 Pitts. L. J.
272; Martin v. Martin, 68 Pitts. L. J. 344.

OPINION BY MR. JUSTICE SIMPSON, December 31, 1920:
Charles A. McDonald, the decedent in this case, died
August 11, 1919, intestate, and without descendants,
leaving to survive him the appellant, who claims to be
his widow, and his mother, who is the appellee. Appel-
lant filed her petition in the court below praying to have
appraised and set apart to her, as widow of decedent,
real estate of the value of $5,000 agreeably to the pro-
visions of section 2 of the Act of June 7, 1917, P. L. 429.
Appellee filed an answer admitting a marriage cere-
mony had been performed between appellant and de-
cedent, but averred she was not his widow because she
had not been legally divorced from a former husband.
The court below sustained this contention and dismissed
the petition: whereupon the present appeal was taken.

It is admitted appellant had been previously married;
had applied for and was granted a decree of divorce by
the court of common pleas, more than five years before
she married decedent; that all the proceedings in regard
thereto were regular and unimpeachable, except, as is
alleged, the court fixed too early a return day for the
original subpœna; that the decree of divorce stands un-
appealed from and unreversed, and the time within
which an appeal could be taken has long since expired.

In considering the issue raised, the court below held
that, under the Act of April 22, 1905, P. L. 293, the re-
turn day of the original subpœna should have been not
less than thirty days after it was issued, and, as it was

made returnable in a shorter period, this error of the court of common pleas vitiated the entire proceeding, rendering the decree of divorce wholly void—though there was no averment or proof of fraud or collusion—and subjected it to collateral attack by appellee.

To this conclusion we cannot agree, for the mistake, assuming it to be one, was an irregularity in the process which the court directed to issue to that return day, or its conclusion that its process could be thus properly issued; neither of which would render a judgment or decree void but only voidable at the instance of a party thereto, if a proper and prompt application was made to open or vacate it (Hake v. Fink, 9 Watts 336; Milti-more v. Miltimore, 40 Pa. 151; 23 Cyc. 1094; 15 R. C. L. 836, 859, 864; L. R. A. 1917, B 497 et seq.); and this is as true in divorce suits as in all others. It would be a grievous and intolerable conclusion to hold, and so far as we are aware it has never been held, that one should be punished for such an error of the court. In Miltimore v. Miltimore, supra, we said, at pages 155-6: "The question is somewhat irregularly raised under this same exception as to the validity of the decree of divorce between the plaintiff and her husband. It was alleged to be void because the plaintiff herself caused and procured the subpœna to be issued in vacation, and but twelve days before the ensuing term; whereas the act of assembly requires the interval to be at least thirty days. This is a novel objection to come from the complainant in that proceeding, after a decree in her favor, acquiesced in and acted upon by her for more than seven years, and until after her husband's death. But we will not estop her for this reason only, for a better exists, which is, that this did not render the decree void, but only voidable, if taken in time and by a party who had a right to object."

It is true the decision in that case might have been rendered on other grounds, but the one stated seemed so clear to the court—and it does to us also—as to render it unnecessary to consider the others. Here, as there,

the court of common pleas was one of general jurisdiction, had expressed statutory authority over this subject within its county, and the effect of the process, in each case, was to bring before it those who had been married there, lived together there, and the husband had deserted the wife there. Hence, here, as there, the mistake, if it was one, must be treated as an irregularity only, of which appellee cannot be heard to complain.

The above point was the only one argued, and hence is the only one decided. It is a grave question, however, whether or not, during the pendency of the divorce proceedings from April 12, 1912, to January 18, 1913, the controlling legislation on the subject under consideration, was not the Act of April 20, 1911, P. L. 71, in view of the fact that section 2 thereof provides: "From and after the passage of this act all cases in divorce now pending or hereafter begun shall be proceeded with only in accordance with the provisions hereof." If it was, it is also a grave question whether or not—since the libel was "presented in open court" and not to a judge thereof in vacation—the subpœna was required to be issued thirty days before the return day. Under the Act of 1815, which, so far as this matter is concerned, was reënacted in haec verba by the Act of 1911, the lower courts and text writers held it was not (Wetmore v. Wetmore, 17 Pa. C. C. R. 11; McQuaide v. McQuaide, 8 Montg. Co. R. 150; Sturgeon's Law of Divorce and Proceedings to Obtain a Divorce in Pennsylvania, sec. 463 et seq.) and, in its opinion here, the court below concedes this to be the correct interpretation. The question does not seem to have ever directly arisen in this court, but in our opinion in Borckman's App., 6 Pa. Dist. R. 724, though beside the issues there raised, the same conclusion seems to have been assumed by us to be correct, and moreover it accords with the maxim ad proximum antecedens fiat relatio, nisi impediatur sententia. If these conclusions are correct, the presumption that the legislature intended the reënacted words to have the same

meaning as had previously been judicially given to them (Fulmer v. Com., 97 Pa. 503; Sproul v. Murray, 156 Pa. 293) would render inapplicable the objection made in the court below. As stated, however, we do not now decide these questions, and only refer to them lest it be thought they were overlooked despite their importance.

The decree of the court below is reversed, the petition of appellant reinstated, and a procedendo awarded; the costs of this appeal to be paid by appellee.