## Mintz, Appellant, *v.* Mintz.

*Divorce—Insanity—No ground for divorce—Act of April 18, 1905, P. L. 211—Decree—Vacation—Petition to vacate—Party— Son of respondent.*

Hopeless insanity is not a ground for divorce in Pennsylvania. The Act of April 18, 1905, P. L. 211, amending section 8, of the Act of April 13, 1843, P. L. 233, does not make insanity a new ground for divorce, but so far as the act related to the subject of divorce, regulated procedure only.

Where an attempt was made to secure a divorce on the grounds of insanity, the facts did not give jurisdiction to the court and the decree entered was absolutely void. Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject-matter in a given case, and this implies that

the court must have cognizance of the class of cases to which the one to be adjudicated belongs. The proper parties must be present and the decision must be within the issue. Without such jurisdiction there is no authority to give judgment, and one so entered is without force or authority.

A decree of divorce on the grounds of insanity will be subsequently vacated on petition of the son of respondent. The latter not being capable of asserting her own right, the son can properly act as her next friend, and in addition thereto he has a contingent pecuniary interest as he is liable, under the law to be responsible for his mother's maintenance.

It is never too late to attack a judgment for want of jurisdiction which appears on the face of the record.

Argued March 3, 1924. ·Appeal, No. 19, Feb. T., 1924, by libellant, from decree of C. P. Lackawanna Co., Jan. T., 1920, No. 609, vacating the decree of divorce, in the case of Max Mintz v. Sarah Mintz. Before .PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why decree of divorce should not be set aside. Before EDWARDS, P. J.

The facts are ·stated in the opinion of the Superior Court.

The court made absolute the rule. Libellant appealed.

*Error assigned* was, the decree of the court.

*J. Julius Levy,* of *Kaufman, Mattes* and *Levy,* for appellant, cited: Kepner's App., 94 Pa. 74; Sturgeon on Pennsylvania Law and Procedure in Divorce, Page 384; Agnew's App., 3 Walker 320.

*Jerome I. Myers,* and with him *E. C. Amerman* and *Fred A. Hughes,* cited: Baughman v. Baughman, 34 Pa. Superior Ct. 271; Johnston v. Johnston, 34 Superior Ct. 607; Rempel v. Rempel, 23 Dauphin County Rep. 170; Given v. Given, 25 Pa. Superior Ct. 467.

OPINION BY HENDERSON, J., May 1, 1924:

On December 8, 1919, the appellant filed a libel in divorce. The only cause of divorce alleged was that the respondent had been non compos mentis for several years; that she had continued to grow worse; and that she was at the time of filing the libel a hopeless lunatic. Personal service was not had—the respondent then being in Hungary. Service by proclamation was made however by notice in two newspapers published in Lackawanna County. The respondent was not represented by committee or counsel in the proceeding. On December 15, 1920, a decree was entered in favor of the complainant and he was directed to give a bond in the sum of $2,000 "condition sec. leg." The bond was subsequently filed and approved by the court. It is not printed in the record, but was presumably to secure the maintenance of the respondent. On February 28, 1922, Herman Mintz, a son of the parties, presented a petition to the court of common pleas to set aside the decree of divorce on the ground that insanity is not a cause of divorce in Pennsylvania and that the court was therefore without authority to enter the decree. An answer was filed denying the interest of the petitioner in the subject; alleging that the court had no power to open the decree after the time for taking an appeal had elapsed, and asserting the respondent, having accepted a certain gross sum in lieu of alimony after the decree of divorce, and having retained the same, is bound to submit to the whole decree. On March 9, 1923, the court made the rule absolute to set aside and vacate the decree of divorce and it was accordingly vacated, from which order this appeal was taken. The questions for consideration are therefore: first, whether the decree of divorce was a valid exercise of authority; secondly, whether the integrity of the decree could be attacked by the son of the respondent; thirdly, whether the respondent is estopped from contending that the court was without jurisdiction to grant the divorce. That insanity is not a cause of

divorce in Pennsylvania is clearly shown in Baughman
v. Baughman, 34 Pa. Superior Ct. 271, where Judge
ORLADY discusses the subject at length, and in a convinc-
ing opinion holds that the Act of April 18, 1905, P. L.
211, did not make lunacy a cause of divorce, but so far
as the act related to the subject of divorce, regulated pro-
cedure only.   His conclusion is well supported by the
text of the enactment and the title thereto.   The 8th
section on which the divorce proceeding was based ap-
plies to cases where the husband or wife is insane, but
has reference only to causes of divorce expressly given by
statute.   When the law-making body states in the title
to an act that the subject of the legislation is procedure,
and the language of the enactment is consistent with
such declaration, we need have no hesitation in holding
that the law goes no further than to prescribe the man-
ner in which a case shall be prosecuted.   Further exami-
nation and consideration of the question confirms our
conclusion that the case of Baughman v. Baughman,
supra, was well decided.   It follows therefore that the
attempt of the appellant to secure a divorce for the cause
expressed in the libel was futile.   The facts did not give
jurisdiction to the court and the decree entered was
absolutely void.   Jurisdiction is the capacity to pro-
nounce a judgment of the law on an issue brought before
the court through due process of law.   It is the right to
adjudicate concerning the subject-matter in a given case
and this implies that the court must have cognizance of
the class of cases to which the one to be adjudicated be-
longs.   Proper parties must be present and the decision
must be within the issue.   Without such jurisdiction
there is no authority to give judgment and one so entered
is without force or effect.   Such being the law of the
case, it is unnecessary to consider the fact that even if
the libel set forth a case within the jurisdiction of the
court, the provisions of the statute were not followed
as to service and the respondent never was in the con-
structive jurisdiction of the court; it appearing that she

was insane at the time the proceeding was instituted and that no committee was appointed to represent her. It was the duty of the court therefore on proper presentation of the subject to set aside the decree.

The objection that the son had not standing to apply for a vacation of the decree is without merit. He was one of the nearest kindred of the respondent. The decree was one not only affecting the parties, but the public, and it was important that the court be advised of the fact that there was lack of jurisdiction to enter it. The respondent was not capable of asserting her own right nor cognizant of the nature of the proceeding, and the son could properly act as a next friend in protecting the interest of his incapable mother. Moreover, he had a contingent pecuniary interest as he was liable under the law to be responsible for his mother's maintenance.

It is urged on behalf of the appellant that the application to set aside the decree was not made in time, but it is never too late to attack a judgment for want of jurisdiction which appears on the face of the record: Boyd's App., 38 Pa. 241; Fowler v. Eddy, 110 Pa. 117; Fidelity Insurance Company App., 93 Pa. 242. The Act of 1819, P. L. 58, on which the appellant relies was repealed by the Act of May 19, 1897, P. L. 72. Where the objection to the record is a want of jurisdiction apparent on the face of the proceeding, as in this case, it is a correct procedure to move to set aside the decree. Kepner's App., 94 Pa. 74, and Mortimer's App., 9 W. N. C. 313, were decided before the repeal of the Act of February 8, 1819 and are, therefore, not relevant. We are unable to agree with the learned counsel for the appellant in the application of the doctrine of estoppel, it appearing that the respondent was a lunatic. Estoppel implies a knowledge by the person to be estopped of the facts out of which such estoppel arises and Mrs. Mintz, being insane, could not have legal knowledge. In Agnew's App., 3 Walker 320, the parties were sui juris; the proceeding

was regular on its face; the questions involved were brought up on appeal. The voluntary conduct of the respondent in that case in accepting a large sum of money and the conveyance of a house which she retained in lieu of alimony was held to be a ratification of the whole decree. Whatever may be the weight of that decision, it is not an authority bearing on the case before us where there was neither jurisdiction of the cause nor capability of the respondent to be estopped. A consideration of the case on all the propositions presented by the appellant brings us to the conclusion that the order vacating the decree of divorce was properly entered.

The decree is affirmed at the cost of the appellant.