## Limber's Estate.

*Divorce—Decree—Validity—Collateral attack—Act of Feb. 8, 1819.*

1. The validity of a decree in divorce cannot be attacked collaterally by the party in whose favor and at whose instance it was entered thirty years thereafter for the purpose of establishing a right to participate in the proceeds of the estate of the respondent.

2. The Act of Feb. 8, 1819, 7 Sm. Laws, 151, repealed by Act of May 19, 1897, P. L. 72, was in force in 1893 and provided that no appeal should lie from the final sentence or decree in divorce after one year.

Petition to vacate proceedings. O. C. Venango Co., Jan. T., 1924, No. 5.

*O. D. Hastings,* for petitioner; *Donald Glenn,* contra.

CRISWELL, P. J., June 22, 1925.—On the presentation of the said petition, a rule to show cause was granted, and after due service thereof on Ida E. Limber and hearing thereon, it is found that the said deceased was married to the petitioner, Martha Limber, Sept. 9, 1891; that thereafter, on April 24, 1893, she presented to the Court of Common Pleas of said county her petition for a divorce, and on Sept. 11, 1893, such petition was granted and a decree *a vinculo matrimonii* in due form was made by the court. Sometime thereafter, the particular date not appearing, the deceased married one Carrie Woods, and to such union three children were born, two of whom, Margaret and Wayne, yet survive. Carrie Woods having died, the deceased, on March 17, 1914, married the respondent, Ida E. Limber, and by her two children were born to him: Marion, aged eight, and Helen, aged six. That the petitioner, from and after the date of the decree obtained by her, regarded herself as freed from the deceased and no longer his lawful wife is not questioned by any proofs offered.

On behalf of the petitioner it is claimed that the record of the divorce referred to shows on its face that the court was without jurisdiction in the premises and that the decree was and is void and can be attacked and may be disregarded in another court in this collateral way. Such contention is regarded as being based on a misapprehension of the adjudicated cases on the subject.

If it be true that the court was without jurisdiction and such want of jurisdiction appears on the face of the record, the decree may be disregarded. But in Com. *v.* Barnett, 199 Pa. 161-177, it was said: "Objections to jurisdiction are of two classes, between which there is a clear and well settled distinction: first, those relating to the authority of the court over the subject-matter;

and, secondly, those relating to its authority over parties. Objections of the first class cannot be waived nor jurisdiction obtained by acquiescence. Thus, if a writ of mandamus had issued from the Quarter Sessions or Orphans' Court, the proceeding would be void *ab initio* for defect of authority in the court to issue such process and determine such controversies. It is of this class that it is commonly said that consent cannot give jurisdiction. But in the second class the rule is different. The party exempt from jurisdiction may waive his personal privilege, and if he does so, the jurisdiction of the court is complete." In English *v.* English, 19 Pa. Superior Ct. 586-95, Rice, J., refers to such language as "a clear statement of the distinction between the two classes of objections to jurisdiction."

In the earlier case of Miltimore *v.* Miltimore, 40 Pa. 151-155, it was alleged that the decree was void "because the plaintiff herself caused and procured the subpœna to be issued in vacation and but twelve days before the ensuing term, whereas the act of assembly requires the interval to be at least thirty days." Relative to this, it was said: "This is a novel objection to come from the complainant in that proceeding after a decree in her favor, acquiesced in and acted upon by her for more than seven years and until after her husband's death. But we will not estop her for this reason only, for a better exists, which is that this did not render the decree void, but only voidable, if taken in time and by a party who had a right to object. Where there is jurisdiction of the parties and the subject-matter of the controversy, the judgment or the decree of the court on it is never void but only voidable where irregular. When the jurisdiction does not exist and usurpation takes place, then all the acts of the tribunal are void 'and of none effect' and may be so treated in any collateral proceeding. Where there is no jurisdiction, there is no authority to pronounce judgment, and consequently a judgment so entered is but in form and similitude and has no substance, force or authority. Here the court was one of general jurisdiction. To it belonged the right by statute to entertain proceedings and make decrees in divorce. It also had jurisdiction of the parties. The decree, therefore, entered could only be reversed for error by a direct proceeding for that purpose and not collaterally."

On the same subject, further reference is made to Mintz *v.* Mintz, 83 Pa. Superior Ct. 85, and McDonald's Estate, 268 Pa. 486-489.

That the court here had jurisdiction of the cause of action set forth in the petitioner's libel is not, of course, questioned. It had jurisdiction of the respondent, and it is not suggested otherwise. That the entry of the decree prematurely and without proof covering the requisite period of two years were irregularities which would have warranted and required the setting aside of the decree if made in time by a proper person appears clear, but so doing would not be an adjudication that the court did not have jurisdiction to hear and dispose of libels in divorce.

The act of assembly limiting the time within which appeals might be taken from decrees in divorce in 1893 appears to have been the Act of Feb. 8, 1819, repealed by the Act of May 19, 1897, P. L. 72. Such act provides: "That no appeal shall lie from the final sentence or decrees of the Court of Common Pleas or other court having competent jurisdiction in cases of divorce after the expiration of one year from the time of pronouncing the said final sentence or decree."

Without considering the question of estoppel arising from the petitioner's failure to question the decree in her favor for a period of thirty years, during which the respondent in such case had twice remarried and begotten children, and not then until after his decease, and that only for the purpose of securing

Limber's Estate.

a part of his estate, as well as other questions raised at the hearing and argument, it is concluded that the prayer of the petition should be refused and the petition dismissed, at the cost of the petitioner. The petitioner cannot in this collateral way attack the decree made thirty years ago in her favor and at her instance. It follows from the conclusion indicated that much of the testimony taken at the hearing is incompetent, irrelevant and immaterial.

And now, June 22, 1925, after hearing and for the reasons given, the prayer of the petition of the petitioner is refused and the petition is dismissed, at the cost of the petitioner.

From George S. Criswell, Jr., Franklin, Pa.