## Gauss v. Gauss

*Frank S. Hughes*, for petitioner.

*G. Mason Owlett* and *Charles G. Webb*, contra.

CRICHTON, P. J., October 24, 1938. — The libel in the above-entitled proceeding for divorce was sworn to on June 3, 1936, but was not filed till December 21, 1936. This is bad practice in view of the provision of the statute that libellant must have been a bona fide resident of this Commonwealth at least one whole year immediately previous to the filing of the petition; and had the discrepancy come to our attention the subpœna would have been refused, at least pending an amendment showing libellant's residence to the date of filing. This, however, is no ground for revoking the decree if libellant's testimony before the master as to her residence after June 3, 1936, is true.

The subpœna was issued on December 21, 1936, and the return thereon is to the effect that it was served personally on the respondent in Wellsboro, Pa., on December 26, 1936, although it appears from the testimony later taken that he was at the time a resident of New York State.

The cause was so proceeded with that Charles M. Elliott, Esq., was appointed master, and on May 15, 1937, filed his report recommending a divorce on the ground of cruel and barbarous treatment and indignities to the person of libellant. This report was confirmed by the court on May 29, 1937, and on the same day the decree of divorce issued.

On September 16, 1938, there was filed the petition of one Mabel Aldrich praying for a rule on libellant and respondent to show cause why the decree of divorce should not be revoked, on the ground that at no time during the years 1936 and 1937 was libellant a resident of Pennsylvania, which rule was duly served on defendants therein. It appears from this petition that Mabel Aldrich is the mother of Susan Gauss, to whom respondent was married after the divorce from Charlotte E. Gauss. It appears, further, that said Charlotte E. Gauss has also remarried to one Oakden.

The petition for the rule assigns no reason why it is made by Mrs. Aldrich, unless such reason be inferred from the averment that her daughter, the present wife of respondent, is now only 19 years of age.

The rule prayed for was duly issued and served on libellant and respondent, and on the return day thereof Charlotte E. Gauss, now Oakden, moved through her attorneys to quash the petition and order on the ground that Mabel Aldrich has no standing to intervene in the matter. This motion is now before us for determination.

A court has power to set aside a decree in divorce obtained by the practice of extrinsic fraud on the court, and falsely claiming a residence in Pennsylvania is extrinsic fraud: Carey v. Carey, 121 Pa. Superior Ct. 251. It is,

of course, the general rule that strangers to the record have no standing to apply for vacation of a judgment or decree. Whether we treat the applicant here as one acting for herself or on behalf of her minor daughter she is such a stranger. The principle has been somewhat relaxed in divorce proceedings, especially where the stranger's property rights are affected by the decree: Mintz v. Mintz, 83 Pa. Superior Ct. 85. It is not averred here, however, that petitioner's property rights or those of her daughter are affected by the decree, and were no other principle involved we would feel impelled to place this court's stamp of disapproval upon the attempted intervention of a person so remotely interested, if at all, as the petitioner, or as her daughter, the second wife of respondent David E. Gauss, whose duty it was, if in doubt, to inquire as to his situation before she married him. But we are bound to recognize the rule that the State is a third party to every divorce proceeding, and that if from any source whatever we receive information indicating that a fraud may have been practiced on the court and that jurisdiction of the cause has been indicated by perjured testimony when under the true state of facts there was no jurisdiction, it is our duty to investigate of our own motion. No better method of investigation and decision will easily be found than that operating through the medium of this rule to show cause why the decree should not be revoked. The affidavit upon which it is based avers facts which, if true, warrant drastic action by the court. If we were to sustain the motion to quash the rule because of lack of interest on the part of petitioner, it would still be our duty under these circumstances to enter an identical rule on our own motion, and the only result would be to take Mrs. Aldrich out of the case and possibly relieve her of costs which she may otherwise be called upon ultimately to pay. Neither substantial justice nor sound rules of procedure call for such futile gestures. We shall follow Judge Searle in his decision in Phillips v. Phillips, 6 D. & C. 81.

*Order*

Now, October 24, 1938, the motion to quash is dismissed and it is ordered that defendants in the rule, Charlotte E. Gauss (or Charlotte E. Oakden) and David E. Gauss file their answer or answers to the rule to show cause why the decree should not be revoked within 10 days after the date of entry of this order.