## Colkitt v. Colkitt

*Morris & Morris*, for libellant.

LONG, P. J., November 25, 1940.—The sheriff made return to the subpœna in divorce as follows:

". . . that he has made diligent search and inquiry for DeLaire Colkitt, the respondent named in the within subpœna, and that he was not found in his bailiwick, and the same is returned herewith non est inventus."

On June 3, 1940, a motion was filed for an alias subpœna in divorce, returnable the fourth Monday of July 1940. The alias subpœna issued on June 3, 1940, and on June 18, 1940, more than one month prior to the return day of the alias subpœna in divorce, the sheriff returned the same non est inventus.

The Divorce Law of May 2, 1929, P. L. 1237, sec. 28, 23 PS §28, and supplements thereto, provides that an alias subpœna shall be returnable not less than 30 days after the award thereof. In the instant case the same

was returned 34 days prior to the return day thereof, during all of which time inquiry should have been made for respondent and the sheriff should have exercised diligent search up until the return day: Parker v. Parker, 20 Dist. R. 304; Chadwick v. Chadwick, 20 Dist. R. 305; Laskai v. Laskai, 74 Pitts. 29.

Thereafter, a pluries subpœna was awarded. The sheriff was unable to find and serve respondent personally. Consequently, he attempted to make a constructive service by publication. Is respondent constructively— legally—in court? If he is not, we can make no decree against him because the court does not have jurisdiction of his person: Waldman v. Waldman, 58 Pitts. 392. This failure to comply with the mandates of the act of assembly would at least render the decree voidable at the instance of respondent: McDonald's Estate, 268 Pa. 486. A decree in divorce under the circumstances might be disastrous to libellant with future family relations that may result therefrom: Gramley v. Gramley, 17 Del. Co. 237.

The result is that respondent had no notice, actual or constructive, of the proceedings in divorce from their inception to their conclusion. He did not appear. Consequently, defects in service of the subpœna gave the master no jurisdiction, with the result that the court has none over respondent. Therefore, we are compelled to make the following

### Order

And now, November 25, 1940, the master's commission be and the same is hereby revoked and all proceedings in the case subsequent to the sheriff's return to the subpœna in divorce be and the same are hereby set aside without prejudice to libellant to procure the issuance of an alias subpœna in divorce and thus proceed according to law and rules of court, to the end that the proper decree may be entered on the merits.