J. A34013/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR | : | IN THE SUPERIOR COURT OF |
| BY MERGER TO BAC HOME LOANS | : | PENNSYLVANIA |
| SERVICING, L.P., F/K/A COUNTRYWIDE | : | |
| HOME LOANS SERVICING, L.P. | : | |
| | : | |
| v. | : | |
| | : | |
| TERESA VELARDI, | : | No. 989 MDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered May 8, 2014,
in the Court of Common Pleas of Lackawanna County
Civil Division at No. 12 CV 2460

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 20, 2015**

Teresa Velardi ("Velardi") appeals, ***pro se***, from the order entered May 8, 2014, granting summary judgment in favor of Bank of America, N.A. ("BANA"), and against Velardi in this mortgage foreclosure action.  After careful review, we affirm.

On January 8, 2008, Velardi executed a mortgage and promissory note for 612 Sunset Street, Clarks Summit, Pennsylvania.  The mortgage was recorded on March 3, 2008, in the Office of the Recorder of Deeds of Lackawanna County with an instrument number of 200804763.  The mortgage was in the principal sum of $176,750 to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide Bank.

Subsequently, the mortgage was assigned to BANA, and the assignment was recorded on October 19, 2011, with an instrument number of 201119731.

At the time BANA filed its motion for summary judgment on February 3, 2014, the mortgage was past due for the October 1, 2010 payment, a period in excess of 39 months. Velardi did make a payment on or around November 4, 2010, which was applied to Velardi's account for the delinquent September 1, 2010 payment. The account remained due and owing for the October 1, 2010 payment. On May 8, 2014, following argument on the motion and Velardi's response, the motion was granted, entering **in rem** judgment against Velardi in the amount of $221,796.54 plus costs and charges, for foreclosure and sale of the subject property. This timely appeal followed. Velardi was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., nor did the trial court file an opinion.

Velardi raises numerous issues in her brief on appeal, which we have carefully reviewed and on which we can grant no relief. Her statement of the questions involved is too lengthy and convoluted to reproduce here.[1] Basically, Velardi's issues can be boiled down to the following: 1) lack of subject matter jurisdiction; 2) lack of proper notice in accordance with Act 91 of 1983, 35 P.S. § 1680.401c; 3) failure to join an indispensable party,

---

[1] BANA urges this court to quash the appeal due to the numerous defects in Velardi's brief and her failure to comply with the Rules of Appellate Procedure; however, in the interest of lenity, we decline to do so.

*i.e.*, the investors who allegedly purchased the securitized mortgage; and

4) that BANA failed to prove it is the holder in due course of the note and

mortgage and is the real party in interest.

Initially, we note:

> Our scope of review of a trial court's order disposing of a motion for summary judgment is plenary. Accordingly, we must consider the order in the context of the entire record. Our standard of review is the same as that of the trial court; thus, we determine whether the record documents a question of material fact concerning an element of the claim or defense at issue. If no such question appears, the court must then determine whether the moving party is entitled to judgment on the basis of substantive law. Conversely, if a question of material fact is apparent, the court must defer the question for consideration of a jury and deny the motion for summary judgment. We will reverse the resulting order only where it is established that the court committed an error of law or clearly abused its discretion.

> ***Grimminger v. Maitra***, 887 A.2d 276, 279 (Pa.Super.2005) (quotation omitted). "[Moreover,] we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Evans v. Sodexho***, 946 A.2d 733, 739 (Pa.Super.2008) (quotation omitted).

***Ford Motor Co. v. Buseman***, 954 A.2d 580, 582-583 (Pa.Super. 2008),

***appeal denied***, 970 A.2d 431 (Pa. 2009).

As BANA points out, many of Velardi's issues were not raised in the court below, including failure to include an allegedly indispensable party, failure to state a cause of action, and subject matter jurisdiction. (BANA's brief at 11.) Issues raised for the first time on appeal are generally waived. Pa.R.A.P. 302(a). However, subject matter jurisdiction is non-waivable.

> Before a court may issue an order, it must have authority to act. **Mintz v. Mintz**, 83 Pa.Super. 85 (1924). Jurisdiction over the subject-matter is fundamental to a court's authority to act. **Leveto v. Nat'l Fuel Gas Dist. Corp.**, 243 Pa.Super. 510, 366 A.2d 270 (1976).
>
>> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject-matter in a given case . . . . Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect.
>
> **Mintz v. Mintz**, **supra** 83 Pa.Super. at 88 (1924).

**Rieser v. Glukowsky**, 646 A.2d 1221, 1223 (Pa.Super. 1994).

According to Velardi, BANA's allegedly deficient Act 91[2] notice deprived the court of subject matter jurisdiction. (Velardi's brief at 44.) Velardi relies on **Beneficial Consumer Discount Co. v. Vukman**, 37 A.3d 596 (Pa.Super. 2012), in which this court held that Act 91's foreclosure notice requirements are jurisdictional, and failure to comply will deprive a court of

---

[2] Homeowner's Emergency Mortgage Act, 35 P.S. §§ 1680.401c **et seq.**

jurisdiction to act. (*Id.*) *Vukman* was recently reversed by our supreme court. *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547 (Pa. 2013). The court determined that the Act 91 notice requirements are procedural and do not sound in jurisdiction. *Id.* at 552-553. The notice requirements set forth the steps a mortgagee must take prior to filing for foreclosure but do not affect the classification of the case as a mortgage foreclosure action. *Id.* Accordingly, provision of a defective Act 91 notice does not deprive the courts of subject matter jurisdiction. *Id.*[3]

The record indicates that BANA sent Act 91 notice to Velardi by regular mail on December 1, 2010. Furthermore, upon receipt of the Act 91 notice, Velardi applied for assistance from the Homeowners' Emergency Mortgage Assistance Program ("HEMAP"), and was denied by the Pennsylvania Housing Finance Agency ("PHFA"). PHFA informed Velardi that she was entitled to an appeal hearing if she disagreed with its decision but Velardi failed to file an appeal. Since Velardi received consideration of her application for HEMAP, she cannot possibly show how she was prejudiced by BANA's allegedly defective Act 91 notice. *See Wells Fargo Bank, N.A. ex rel. Certificate*

---

[3] We also note that on June 22, 2012, the legislature enacted the Homeowner Assistance Settlement Act (Act 70), 35 P.S. § 1681.1 *et seq.*, which specifically provides that failure of a mortgagee to comply with Act 91 notice requirements "shall not deprive a court of jurisdiction over any legal action, including an action in foreclosure, for money due under the mortgage obligation or to take possession of the mortgagor's security." 35 P.S. § 1681.5(3). Furthermore, Section 7 of Act 70 provides that "[t]he provisions of section 5 [35 P.S. § 1681.5] shall apply retroactively to June 5, 1999."

*Holders of Asset Backed Pass-through Certificates Wells Fargo Bank, N.A. ex rel. Certificate Holders of Asset Backed Pass-through Certificates Series 2004-MCWI v. Monroe*, 966 A.2d 1140, 1143 (Pa.Super. 2009) (mortgagors could not show prejudice where they received an Act 91 Notice, and even if it was defective, they were given and availed themselves of the opportunity to pursue mortgage assistance through HEMAP and met with a credit counseling agency).

In her response in opposition to BANA's summary judgment motion, Velardi also claimed that BANA was not the real party in interest and lacked standing to bring a mortgage foreclosure action. According to Velardi, MERS was only a "Nominee" of the original lender, Countrywide, and therefore had no right to legally assign the note and mortgage. Velardi also argues that even if MERS could assign the note as nominee of the lender, the assignment was invalid as the note did not contain a valid endorsement by the lender stating the note had been assigned to BANA.

First, we observe that the real party in interest rule is merely a rule of procedure and does not alter the substantive rights of the parties. *Spires v. Hanover Fire Insurance Co.*, 70 A.2d 828 (Pa. 1950). Velardi raised the issue in new matter as an affirmative defense. To the extent Velardi wished to enter an objection that BANA was not the real party in interest, such should have been raised by preliminary objection, not as new matter. As was observed in *Spitzer v. Smith*, 10 Pa.D.&C.2d 243, 245 (Lackawanna

1956), a violation of Pa.R.C.P. 2002 is not an affirmative substantive defense and therefore is not a proper subject to be pleaded under new matter.

At any rate, BANA is the real party in interest and has the authority to bring this action in mortgage foreclosure. Velardi's contention to the contrary is baseless. In **Bank of America, N.A. v. Gibson**, 102 A.3d 462 (Pa.Super. 2014), we rejected a similar argument, holding that MERS, as nominee, had the ability to assign the mortgage. **Id.** at 465-466. Furthermore, as BANA observes, Velardi made regular payments to BANA for almost three years until she defaulted. (BANA's brief at 22.) It was not until foreclosure proceedings commenced that she complained that BANA was not the holder in due course of the note or mortgage. (**Id.**) As this court remarked in **Gibson**, **supra**, "we are persuaded by the fact that Appellant made payments on his mortgage to Bank of America until his default. Only after Bank of America began foreclosure proceedings did Appellant contend that the mortgagee to whom he had been making payments was operating under an improperly transferred mortgage." **Gibson**, 102 A.3d at 466.

Velardi also argues that the promissory note endorsed in blank is insufficient to establish that BANA is the lawful holder in due course of the note and therefore entitled to enforce the mortgage. (Velardi's brief at 38, 45.) According to Velardi, there need to be endorsements showing a

"complete chain of title" to establish ownership of the note. (**Id.** at 38.)

Again, we addressed an identical argument in **Gibson**:

> Under the Pennsylvania Uniform Commercial Code (PUCC), the note securing a mortgage is a negotiable instrument. **J.P. Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258 (Pa.Super. 2013). A note endorsed in blank is a "bearer note," payable to anyone on demand regardless of who previously held the note. 13 Pa.C.S.A. §§ 3109(a), 3301. The note in this case, therefore, is an unconditional promise by Appellant to pay a fixed amount of money to Bank of America, with interest, at a definite time. The record in this case clearly shows that Bank of America holds the note, and therefore the mortgage.

**Gibson**, 102 A.3d at 466. Instantly, BANA's possession of the note endorsed in blank entitles it to enforce same. As holder of the note and mortgage, BANA has standing to pursue this foreclosure action as the proper party in interest and Velardi's assertions to the contrary are baseless, with no support in the record or from legal authority.

Velardi's primary issue on appeal is that the CHL Mortgage Pass-Through Trust 2008-1 ("CHL Trust") is the actual holder of the mortgage and an indispensable party. According to Velardi, the investors of the CHL Trust are the true beneficial owners of the mortgage and before any foreclosure proceeding can be brought, they must be joined as indispensable parties. (Velardi's brief at 31.)

As BANA observes, this specific issue was not raised in the trial court. (BANA's brief at 11-12.) In new matter, as her thirteenth affirmative defense, Velardi did allege that, "The original creditor has securitized the

transaction that separated Defendant's Promissory Note and Mortgage. Therefore, a foreclosure action cannot be initiated against Defendant's property." (Supplemental RR at 68b.) However, Velardi did not specifically mention the CHL Trust. In her response in opposition to BANA's motion for summary judgment, Velardi alleged that "the trust into which the [sic] my mortgage was securitized would be the [CHL Trust]." (***Id.*** at 145b.) Velardi also attached an affidavit from Charles K. Lamm, a forensic and fraud examiner, averring that, "the trust into which the subject loan ***Could have been*** securitized would be the [CHL Trust]." (***Id.*** at 155b (emphasis added; capitalization in original).) However, Velardi never argued the CHL Trust was an indispensable party, nor did she present any actual evidence to support the proposition that her mortgage was securitized into the CHL Trust.

Nonetheless, it is well established that failure to join an indispensable party is a non-waivable issue because it goes to the court's jurisdiction to decide the matter. ***Hart v. O'Malley***, 647 A.2d 542, 549 (Pa.Super. 1994), ***affirmed***, 676 A.2d 222 (Pa. 1996). That said, Velardi presents no competent evidence to support her assertion other than Lamm's affidavit stating that her mortgage "could have been" securitized into the CHL Trust. Furthermore, even if the mortgage had been securitized, this does not make the CHL Trust an indispensable party or deprive BANA of the right to enforce the note. ***See PHH Mortg. Corp. v. Powell***, 100 A.3d 611, 621 (Pa.Super.

2014) ("Evidence that some other entity may be the "owner" or an "investor" in the Note is not relevant to this determination, as the entity with the right to enforce the Note may well not be the entity entitled to receive the economic benefits from payments received thereon."). "Ownership of the Note is irrelevant to the determination of whether PHH is a "person entitled to enforce" the Note. . . ." **Id.** Here, as discussed above, BANA is in possession of the note endorsed in blank and MERS, as nominee for Countrywide, had the authority to assign the mortgage. As such, BANA is the real party in interest and entitled to enforce the note.

Finally, we note that in her answer to the complaint in mortgage foreclosure, Velardi simply denies the allegations in paragraphs five and six, without explanation or elaboration, which have the effect of admissions.

> General denials constitute admissions where—like here—specific denials are required. **See** Pa.R.C.P. No. 1029(b). Furthermore, "in **mortgage** foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." **First Wis. Tr. Co. v. Strausser**, 439 Pa.Super. 192, 653 A.2d 688, 692 (1995); **see** Pa.R.C.P. No. 1029(c) Note. By his ineffective denials and improper claims of lack of knowledge, Appellant admitted the material allegations of the complaint, which permitted the trial court to enter summary judgment on those admissions.

**Gibson**, 102 A.3d at 466-467. **See also Buckno v. Penn Linen & Uniform Service, Inc.**, 631 A.2d 674, 676 (Pa.Super. 1993), **appeal**

***denied***, 647 A.2d 895 (Pa. 1994) ("A party seeking to avoid the entry of summary judgment against him or her may not merely rest on averments in the pleadings. The party must show that there is a genuine issue for trial once a properly supported summary judgment motion confronts him or her." (citation omitted)).

Paragraphs five and six of the complaint aver the default and the amounts due on the mortgage, respectively. Paragraph five avers that,

> The mortgage is in default because monthly payments of principal and interest upon said mortgage due 10/01/2010 and each month thereafter are due and unpaid, and by the terms of said mortgage, upon failure of Mortgagor to make such payments after a date specified by written notice sent to Mortgagor, the entire principal balance and all interest due thereon are collectible forthwith.

Paragraph six sets forth the amounts due on the mortgage as of October 17, 2011, including principal, interest, and late charges totaling $193,111.11.

In her answer, Velardi states that she "specifically denies each and every allegation" in paragraphs five and six; however, she does not make any reference to what she believes to be the correct amount due, or why she believes the amount sought is erroneous. She does not set forth why or how the mortgage is not in default. While she challenges the assignment of the mortgage, she admits in response to paragraph three of the complaint that she executed a mortgage on January 8, 2008, upon the subject premises in favor of MERS, as nominee for Countrywide and that the mortgage is recorded in the Office of the Recorder of Deeds of Lackawanna

- 11 -

J. A34013/14

County at mortgage instrument number 200804763. Obviously, Velardi knows what payments she made on the mortgage and whether the amount due is correct. *See New York Guardian Mortg. Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa.Super. 1987) (mortgagors' general denial that they "are without information sufficient to form a belief as to the truth of" mortgagee's averment as to the principal and interest due is to be considered an admission of those facts where, unquestionably, apart from the mortgage holder, mortgagors are the only parties who would have sufficient knowledge on which to base a specific denial). If the defendant mortgagors do not plead specific facts in response to the allegations in the complaint regarding the default and the amount due, the defendants are deemed to have admitted the allegations. *Strausser*, *supra*. We agree with BANA that Velardi's general denials of the amounts due and the default are properly viewed as admissions. Therefore, Velardi failed to sustain her burden of presenting facts which contradicted the elements of BANA's claim and summary judgment was proper.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2015

- 12 -